NICHOLAS J. EBERHARD, as Receiver in Supplementary Proceedings of the Property Which Is of JOSEPH TREUHAFT, Plaintiff, *v.* ÆTNA INSURANCE COMPANY, Defendant.

City Court of New York, New York County, June 14, 1928.

*Morris Schneer*, for the plaintiff.

*Bigham, Englar & Jones*, for the defendant.

RYAN, J. Motion to set aside verdict. The action is on a policy of insurance issued by the defendant insuring Treuhaft Express from November 13, 1925, to November 13, 1926, on account of the assured's liability for loss or damage of lawful goods and merchandise, the property of others, from certain enumerated causes while being transported by the assured. By rider attached to the policy the insurance was extended so as to cover risks of theft and pilferage, provided there be visible evidence of forcible entry. On June 3, 1926, certain merchandise, the property of others, was stolen while being transported by the assured, and there were visible evidences of forcible entry. Due notification and proofs of loss were served on the defendants and the assured complied with all the provisions of the policy. Treuhaft Express was the trade name under which Joseph Treuhaft was doing business. The defendant had not paid the claim represented by the aforesaid proofs of loss. On October 15, 1926, a firm of Fox & Pollock recovered a judgment against Treuhaft for $1,897.70. This judgment arose out of claims having nothing to do with the property stolen on June 3, 1926. Execution on said judgment was issued and returned unsatisfied, proceedings supplementary to execution thereafter instituted and plaintiff appointed receiver. As such receiver he has commenced this action to recover the value of the merchandise so stolen while being transported by the assured. The evidence established a theft under the policy coverage. No claim, however, has been made against the assured by the owners of the stolen merchandise, nor has he paid to them or to any other person any sum to compensate for the loss. No actual loss or damage, therefore, has been suffered by him. The question for consideration is whether or not under these circumstances there exists a liability of the insurer within the meaning of such words as used in the policy. Policies of this type vary in form. Some indemnify against loss or damage sustained by the insured. Others insure against liability for loss or damage. The latter may insure against liability imposed by law only or against liability without providing for the mode or test of proof thereof. Where the contract is one

indemnifying against loss or damage, it is necessary to show a loss by the assured before there can be a recovery by him. (*Kingan* v. *Maryland Casualty Co.*, 65 Ind. App. 301; 115 N. E. 348, 353.) If liability imposed by law be insured against, the obligation of the insurer does not come into being until the rendition of judgment. (*Auerbach* v. *Maryland Casualty Co.*, 236 N. Y. 247, 252.) In such case the happening of the contingency is the event insured against, and the recovery of the judgment is the manner in which the insured proves to the insurer that the intrinsic character of the happening was such that he was liable for the consequences of it. And where the insurer agrees to insure against liability without providing for a particular mode of establishing such liability, it would seem that the assured, upon proof of the happening of one of the contingencies insured against which renders him responsible to another for the damage sustained by such other, incurs the liability within the purview of the policy coverage. Liability is a broad term of comprehensive significance. It is synonymous with amenability or responsibility. Generally speaking, it expresses some form of obligation and when applied to contracts refers to legal responsibility. It is elementary that every one who is guilty of conduct which causes injury to the person or property of another incurs a liability to the person injured. If the facts out of which the liability grows exist, the liability exists, irrespective of whether the party injured has sought to enforce it. The institution of suit would not be determinative of whether there was liability, but simply evidence of the fact that liability was charged. Nor, unless the policy so requires, must a judgment be obtained before liability is established. For the judgment is merely a judicial ascertainment of the intrinsic character of the occurrence and the amount of the damage. It is the pronouncement by the court of the existence of the liability and the damage sustained thereby. That the intent of the insurer was to indemnify against liability as above defined seems clear from an examination of the policy. Nothing appears therein making it incumbent upon the insured to have had a claim made against it by the owner or shipper of the stolen merchandise. Nor is its right to protection dependent upon its having been sued by or having paid any sum to the owner or shipper. On the other hand, immediate notice of the loss must be given by the insured to the insurer, and written proofs of loss, under penalty of forfeiture of its rights, must be given by the insured within thirty days. Suit against the insurer must be commenced within twelve months after the happening of the loss. If the liability of the assured were dependent upon either the assertion of a claim, the institution of suit, or the recovery of judgment by the owner or shipper, it is apparent that no proof of loss could be filed within the thirty days'

period, and again if no claim were presented or action brought against the assured by the owner within the period of one year the assured by reason of the short Statute of Limitations contained in the policy, would be barred from asserting any claim against the insurer, though the owner or shipper of the stolen goods, not being bound by any such short Statute of Limitations, could still maintain his action. The contention of the defendant is that the plaintiff receiver cannot maintain this action for the reason that the policy is for the benefit of the owners of the stolen property and hence any payment made by the insurer to the assured or his representatives will not relieve the insurer from liability to the owners. The policy only purports to insure Treuhaft's Express against liability for loss of the merchandise of others. It contains no provision that the insurance shall inure to the benefit of the person whose merchandise is stolen. The provision therein that the insurer may, at its option, pay the amount of loss to the insured or to the owners of the property or to the joint order of both, does not enlarge its obligation nor make such owners parties to the policy or beneficiaries thereunder. The policy was a contract wholly between the assured and the insurer, in which no other person had a legal or equitable interest. So far as it appears, the assured was under no obligation to procure insurance for the benefit of the owners of the merchandise which he transported. Any liability, therefore, of the insurer was to the assured or his legal representatives and does not inure to the benefit of the shippers of the goods so as to enable them to enforce payment thereof by the insurer. Nor is any insurance money received by the assured or his representative impressed with a trust in favor of the shipper. (*Bain* v. *Atkins*, 181 Mass. 240.) The jury's verdict as to the value of the merchandise is supported by the evidence. Motion to set aside verdict is denied. Submit order on notice.