JAMES SHEWAN & SONS, INC., Respondent, v. FIDELITY PHENIX FIRE INSURANCE COMPANY OF NEW YORK, Appellant.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. (1) The contract made by the insured with the city, and particularly paragraph MM thereof, did not, by concealment or increase or change of risk, discharge the insurer from its liability under the policy. (2) The evidence as to the origin of the fire was largely speculative and conjectural, with insufficient direct evidence or proof of circumstances that lead by reasonable inference to the conclusion that the fire

*Affd., 259 N. Y. 600.

originated because of plaintiff's negligence. Inferences were based upon other inferences. (*Lamb* v. *Union Ry. Co.*, 195 N. Y. 260, 266; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 id. 90.) If we assume that sufficient proof of circumstances was made, the question was not submitted to the jury with proper instructions on the subject. (3) By the terms of the policy it covered only " the legal liability of the assured * * * as imposed upon them by law." This implies that the liability of the insured as bailee must be determined in an action resulting in a judgment. (*Saratoga Trap Rock Co.* v. *Standard Accident Ins. Co.*, 143 App. Div. 852, 855; *Auerbach* v. *Maryland Casualty Co.*, 236 N. Y. 247; *Eberhard* v. *Ætna Insurance Co.*, 134 Misc. 386; *Indemnity Ins. Co.* v. *Davis' Admr.*, 150 Va. 778; *Fenton* v. *Poston*, 114 Wash. 217, 224.) However, it is claimed that the defendant, by its acts, made it impossible for an action to be brought to establish plaintiff's liability, by directing and advising plaintiff to make repairs on the burned vessel for the purpose of saving demurrage and other charges. It is claimed that this constituted a waiver and permitted plaintiff to prove, in lieu of judgment, the expense of making repairs as representing loss and liability under the policy. The authority of Jones, the manager of the loss department of what appears to be a loss adjustment company, to make such waiver on behalf of defendant, is not shown; nor does it appear clearly from the evidence that there was actual waiver. The question of waiver, with adequate instructions, was not submitted to the jury on the trial, as the plaintiff evidently stood on the language of the policy. Lazansky, P. J., Scudder and Davis, JJ., concur; Young and Tompkins, JJ., dissent and vote to affirm, with the following memorandum: Insurance was against " liability " as distinguished from " loss " and the provisions of the " no action " policies, and a judgment against plaintiff by the city was not necessary. The parties so interpreted the policy, when, as claimed by plaintiff, defendant's agent Jones agreed or suggested that plaintiff should repair the damaged boat to save demurrage costs, etc. While this was denied by Jones, the question was submitted to the jury (folios 490–492), which found on that issue of fact in plaintiff's favor. We also think the circumstances justified the finding of common-law negligence.