## (February 22, 1973)

■ PHILIPP BROTHERS, Respondent, v. BRADLEY EXPRESS, INC., et al., Respondents, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant. B. N. R. AGENCY, INC., Third-Party Plaintiff-Respondent, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Third-Party Defendant-Appellant.— Appeal from an order of the Supreme Court at Special Term, entered March 28, 1971, in New York County, which denied a motion by defendant St. Paul Fire and Marine Insurance Company for summary judgment dismissing the amended complaint of the plaintiff and the amended third-party complaint of the third-party plaintiff. *Per Curiam.* We are unanimous in our opinion that plaintiff, shipper, does not, on this record, have a direct cause of action on the motor truck cargo policy of insurance issued by appellant to defendant-third-party-plaintiff, B. N. R. Agency Inc. Appellant's policy insures only B. N. R. and does not directly inure to the benefit of a shipper whose merchandise is lost. (*Cone* v. *Niagara Fire Ins. Co.,* 60 N. Y. 619.) It was error for Special Term not to have granted the motion of appellant on this point. We agree with Special Term that issues of fact are raised as to whether the loss, which occurred in the terminal area, is covered under this policy and also whether Bradley is the responsible carrier rather than B. N. R. The order of the Supreme Court, entered March 28, 1971, denying defendant-third-party defendant-appellant's motion for summary judgment dismissing the third-party complaint and the fifth cause of action in the amended complaint, should be modified on the law to the extent of dismissing the fifth cause of action in the amended complaint

and otherwise affirmed, without costs. STEUER, J. (dissenting). In the main action, plaintiff, a shipper of merchandise, sues certain carriers for the loss of its shipment. Plaintiff also joins the insurer of one of the defendant carriers. This carrier, B. N. R. Agency Inc. (hereinafter BNR) also sues its insurer in a third-party action. The insurer, as defendant and third-party defendant, moves for summary judgment dismissing both complaints. As it is undisputed that the policy issued by the insurer is an indemnity policy insuring the carrier for any loss it might be required to pay, it is beyond dispute that the shipper, under our law, has no direct cause of action on the policy in advance of a judgment against the insured (*Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 619; *Eberhard* v. *Aetna Ins. Co.*, 134 Misc. 386). In view of this, Special Term's decision which ignored this phase of the motion cannot be affirmed. Next to be considered is the motion as addressed to the third-party action. It should be pointed out that the moving defendant restricts the issue to whether it would be liable under its policy, so that questions as to whether the action is prematurely brought are not presented. It appears that the plaintiff was desirous of having a load of 220 tin ingots, then on Pier 11 in Brooklyn, delivered to Chase Brass and Copper Company in Waterville, Connecticut. Plaintiff prepared shipping documents which it gave with directions to Municipal Haulage Co., Inc., which the documents designated as the carrier. The documents also designated Bradley Express, Inc., as the carrier to make delivery. Municipal thereupon contacted BNR, a carrier with whom Municipal had had many prior dealings and who Municipal knew acted as "agent" for Bradley. BNR was not licensed as an interstate carrier by the Interstate Commerce Commission; Bradley was. There was a long standing arrangement between Bradley and BNR that when BNR obtained an order calling for an interstate shipment BNR would lease one of its trucks to Bradley, supply the driver and make the delivery as Bradley's agent. On such shipments BNR affixed a decal to the truck stating that Bradley was the carrier. Bradley supplied the necessary forms for the receipting of the merchandise and billed the shipper. In fact BNR had a supply of these forms on hand. When Bradley received the remittance from the shipper it turned over 83% of the amount received to BNR. When BNR received the order from Municipal it first had the decal stating Bradley to be the carrier affixed to the truck and then sent it with its driver to Pier 11, where the ingots were received. The truck then returned to BNR's yard in Brooklyn. The truck was prepared for the journey to Connecticut to begin early the following morning. During the interval it was stolen from the yard with its contents. The moving defendant's policy insures the legal liability of its insured, BNR, "as a carrier" on "shipments of lawful goods for which the insured may be legally liable as a carrier." Defendant insurer bases its motion on three grounds, two of which I would agree present factual questions sufficient to defeat summary judgment. These two are firstly that the policy did not cover the goods while they were in BNR's yard because they had reached a terminal. It is at least arguable that this stop was in the course of a single trip from the pier to Connecticut, and hence within the coverage. Secondly, it is claimed that BNR, being a disclosed agent, cannot be legally liable to plaintiff, and that only Bradley, its principal, is answerable to the plaintiff. Unquestionably, Bradley, having held itself out as the carrier, would be liable (*Leotta* v. *Plessinger*, 8 N Y 2d 449). This is not to say BNR would not be. It is true that on the contract of bailment incident to the contract for carriage liability would be restricted to the contracting principal. That would not, however, excuse a negligent actor, and here it is alleged that the goods were lost through negligence. The third ground I believe to be both tenable and dispositive. That is that the policy

by the quoted terms did not insure BNR for its conduct generally but only as a carrier. It is indisputable here that BNR was not acting as a carrier for the very simple but conclusive reason that it was forbidden by law from so acting, and the proof shows that it took elaborate precautions to prevent its being so adjudged. While it might be argued with some force that the arrangement between Bradley and BNR was merely a scheme to get around the prohibition resulting from BNR's lack of an interstate license, the consequence cannot redound to BNR's advantage or credit. It is estopped from claiming that it did in fact violate the law by acting as carrier and hence was insured. A third party might well be heard to make such a claim, but not a participant in a plot to evade the law. It is argued that BNR paid premiums on the policy and it is being deprived of the protection it paid for. Not so. BNR was a legal carrier, but for intrastate shipments only. On these it contracted for coverage, and nothing indicates it did not receive it. As for plaintiff, even assuming it would be a beneficiary, it never contracted with BNR and it would hardly be in a position to claim that BNR's coverage should be extended beyond what the policy provides. There being no issue, summary judgment on the complaint and cross complaint should have been decreed for the moving defendant. Stevens, P. J., Kupferman and Capozzoli concur in Per Curiam opinion; Steuer, J., dissents in an opinion in which Murphy, J., concurs.

Order, Supreme Court, New York County entered on March 28, 1971, modified, on the law, to the extent of dismissing the fifth cause of action in the amended complaint, and severing the action as to defendant St. Paul, and otherwise affirmed, without costs and without disbursements.