Fred **POWELL**, Plaintiff,

v.

**GLOBE INDUSTRIES, INC.,** et al., **Defendants.**

No. C 76–366.

United States District Court,
N. D. Ohio, W. D.

March 18, 1977.

---

Jonathon B. Cherry, Kitchen, Kitchen & Assoc. Co., Toledo, Ohio, for plaintiff.

Joseph J. Allotta, Gallon, Kalniz & Iorio, Toledo, Ohio, for Retail, etc.

Thomas W. Palmer, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for Globe.

## OPINION AND ORDER

WALINSKI, District Judge:

This cause is before the Court on motions of defendant Globe Industries, Inc. (Globe) and defendant Retail, Wholesale, and Department Store Union, AFL–CIO (Union) for summary judgment filed pursuant to Fed.R.Civ.P. 56. Plaintiff has responded to these motions with an affidavit and a supporting memorandum.

■ Because these motions were filed by the defendants, the Court must examine the evidence in the light most favorable to the plaintiff. Moreover, the papers supporting the defendants will be closely scrutinized, whereas the plaintiff's will be indulgently treated. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962); *see Bosely v. City of Euclid*, 496 F.2d 193 (6th Cir. 1974). An examination of the affidavits and documentary evidence, as viewed in a light most favorable to the plaintiff, reveals the following:

### I. *Statement of Facts*

Plaintiff was first employed by Globe on August 28, 1974, and shortly thereafter became a member of the Union. During a portion of the time he was employed by Globe, he was a Union steward and was active in Union affairs.

On April 30, 1975, plaintiff, while employed by Globe, filed a complaint with the Occupational Safety and Health Administration (OSHA) pointing out several safety and health violations present at Globe's plant. A subsequent inspection of Globe's plant by OSHA disclosed a number of violations which Globe was ordered to correct. A copy of the citation was posted in the plant on May 19, 1975.

On May 19, 1975, the same day the OSHA citation was posted, the plaintiff was called into the office of the Globe plant by Jim Eckey, a foreman. Mr. Eckey than handed the plaintiff carbon copies of six memoranda, called AVO's (avoid verbal orders), which described six incidents of work deficiencies ascribed to the plaintiff. Jim Eckey then told the plaintiff that because of these deficiencies he would be demoted from a job in "receiving/supply" to a job classification that plaintiff had held previously.

Believing that the carbon copies of the AVO's he had been handed were his copies, the plaintiff took them out of the plant office. During a break the plaintiff studied the AVO's and determined that they were "partially or totally false." He then "determined that Globe was attempting to punish me for my union activities, or for my complaint to OSHA, or both."

Plaintiff's belief that the false AVO's were inserted in his file as punishment for filing the OSHA complaint was based on the fact that the AVO's were dated between May 10 and May 15, 1975, which were the dates between the OSHA inspection and the date of the OSHA citation. It does not appear, however, that the plaintiff ever informed the Union of his belief, or that the Union had any way of knowing that the plaintiff had filed a complaint with OSHA. Letter from Glen L. Butler, Area OSHA Director, to Mrs. Jeffreys, July 9, 1976.

A few hours after the plaintiff had been handed the AVO's, he was asked to return them by Foreman Eckey. He refused on the grounds that he wanted to use them as evidence in his efforts to obtain a reinstatement to his position in receiving/supply. Shortly after refusing to return the AVO's, he turned them over to a Union committee. When he was again asked to return the AVO's he told the foreman that he had given them to the Union committee. The foreman asked the committee to return the AVO's and the committee refused.

Plaintiff was discharged on May 19, 1975, after having refused to return the AVO's. As a justification for discharging the plaintiff, John F. Dombrow, the Personnel Director of Globe, cited Art. VII of the Collec-

tive Bargaining Agreement which gives Management the right to "discharge for cause." He also cited Work Rule 33 which authorizes discharge for insubordination. It is Globe's position that the plaintiff's failure to return the AVO's after being ordered to do so amounted to insubordination, thereby justifying his discharge.

Immediately after plaintiff's discharge, the Union filed a grievance on his behalf pursuant to Art. VI of the Agreement. Art. VI establishes a five-step grievance adjustment procedure. The fifth step of this procedure authorizes the Union to submit the dispute to final and binding arbitration.

The Union processed the plaintiff's grievance through the fourth step of the grievance procedure. Globe, however, refused to reinstate the plaintiff. On July 15, 1975, the Union notified Globe of its intention to submit the grievance to arbitration.

Prior to submitting the grievance to arbitration, the Union was able to secure from Globe an agreement to reinstate the plaintiff with full seniority benefits, but without back pay. Plaintiff alleges that the offer of reinstatement was to a lower paying, less desirable position than either of the positions he had held in the past. When the Union conveyed the substance of the offer to plaintiff, he rejected it. The Union then declined to take the plaintiff's grievance to arbitration. Daniel Specht, Unit Chairman of the Union, explained the Union's decision not to take the plaintiff's grievance to arbitration as follows:

[A]fter careful consideration by the shop committee and an international representative of the Retail, Wholesale, and Department Store Union, AFL–CIO, pursuant to Article VI (Step 4) of the Collective Bargaining Agreement, it was decided that the offer of reinstatement was the best possible relief that the Union could secure for Plaintiff Fred Powell. The Union came to this conclusion in light of the merit of Defendant Globe Industries, Inc. position and because if the matter was brought to arbitration, there was a good possibility that his dis-

charge would be upheld. The Union felt that reinstatement with only two months lost pay would be far better than risking the possibility of losing at arbitration. Affidavit of David Specht, ¶ 18, Sept. 21, 1976.

Plaintiff, however, avers that the Union's processing of his grievance through the first stages of the grievance procedure was "perfunctory." He further avers that the Union's refusal to take the grievance to arbitration, after repeated assurances by the Union that his grievance was meritorious, was "arbitrary, perfunctory, discriminatory and in bad faith."

As to Globe, the plaintiff argues that his discharge was without just cause. It is apparently his position that Globe's citation of his failure to return the AVO's as a justification for his discharge was merely pretextual and the real reason for his discharge was his filing of a complaint with OSHA.

## II. *Duty of Fair Representation*

As the statutory bargaining agent for the plaintiff, the Union owed him a duty of fair representation. A breach of this duty occurs where "a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Accordingly, "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion." *Id.* at 191, 87 S.Ct. at 917. Nevertheless, a union member does not have an absolute right to have his grievance taken to arbitration. A union is allowed a "wide range of reasonableness" in determining whether a grievance should be taken to arbitration, or whether the grievance should be settled short of arbitration. *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); *Ruzicka v. General Motors Corp.,* 523 F.2d 306 (6th Cir. 1975).

As noted above, David Specht in his affidavit averred that the Union's decision to accept Globe's settlement offer and not to process plaintiff's grievance to arbitration

was based on their determination that Globe's offer "was the best possible relief that the Union could secure" for the plaintiff. In response to this statement, the plaintiff has averred only that the Union's decision not to take the grievance to arbitration was "arbitrary, perfunctory, discriminatory and in bad faith." He has not, however, set forth any facts which would support such a claim. And as noted by the Sixth Circuit Court of Appeals, "conclusory allegations of discrimination are insufficient if an action against the Union for breach of its duty of fair representation is to be maintained." *Whitten v. Anchor Motor Freight, Inc.,* 521 F.2d 1335, 1341 (6th Cir. 1975); *Hines v. Teamsters Local 377,* 506 F.2d 1153 (6th Cir. 1974), *rev'd on other grounds sub nom. Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

■ As the Union's decision not to take the plaintiff's grievance to arbitration was based on their considered judgment that Globe's settlement offer was the best they could do for the plaintiff, and as it does not appear that their handling of the plaintiff's grievance was arbitrary, perfunctory, or in bad faith, the Court will grant the Union's motion for summary judgment.

### III. *Breach of the Collective Bargaining Agreement*
#### A.

■ As noted above, the plaintiff argues that his discharge was in violation of the Collective Bargaining Agreement. He asserts that Globe's citation of Art. VII of the Agreement was merely pretextual and that the real reason for his discharge was for his Union activity [1] and for having filed a complaint with OSHA. Plaintiff also points out that 29 U.S.C. § 660(c)(1), expressly prohib-

its an employer from discharging an employee for filing a complaint with OSHA. Plaintiff may not, however, base his action against Globe solely on the ground that his discharge was in violation of this section.

29 U.S.C. § 660(c)(2) and (3), sets forth the procedure an aggrieved employee who believes that he has been discharged in violation of § 660(c)(1) must follow. He must file a complaint with the Secretary of Labor within 30 days after the violation occurs. If after an investigation has been made the Secretary determines that a violation has occurred the *Secretary* must file an action in U. S. District Court. The statute thus authorizes only the Secretary to bring an action for violation of the Act.

Because the Act requires a complaint to be filed within 30 days of the discharge and because only the Secretary is authorized to bring suit, the plaintiff may not base his action against Globe solely on an alleged violation of § 660.

#### B.

■ Having found that the Union did not breach its duty of fair representation, the Court must also grant Globe's motion for summary judgment. For

> [t]o prevail against either the Company or the Union [plaintiff] must show not only that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.

*Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1060, 47 L.Ed.2d 231 (1976). *See Vaca v. Sipes,* 386 U.S. at 183–88, 87 S.Ct. 903; Tobias, *Individual Employee Suits for Breach of the Labor Agreement and the Union's Duty of Fair Representation,* 5 U.Tol.L.Rev. 514, 533 (1974).

---

1. Plaintiff also filed a charge with the NLRB alleging that his discharge violated § 8 of the National Labor Relations Act. After an investigation, the Board found:

 On the basis of the evidence presented and adduced during the investigation, it could not be established that you were discharged for any reason other than your unauthorized removal of the AVO's from the foreman's office, and your refusal to return them upon request by your foreman. The Employer, consequently, deemed your conduct to be insubordination in violation of the Employee Work Rules, and thereafter, discharged you. I am, therefore, refusing to issue Complaint in this matter.
 Letter from Bernard Levine to Fred Powell, Sept. 30, 1975.

However, even if the Court was not fore-closed from entertaining the plaintiff's breach of the Agreement claim against Globe by the determination that the Union did not breach its duty of fair representation, the Court would be hard-pressed to find a breach. As John F. Dombrow averred:

> [Plaintiff's] discharge was effected pursuant to the management prerogative set forth in Article VIII of Globe's contract with the Union (Exhibit A). The specific ground of discharge was violation of Work Rule 33, which reads:
>
> "SERIOUS 33. Insubordination."
>
> The Work Rules were established pursuant to Article VI, Section 7 of the contract with the Union. Work Rule 33 is designated as a serious offense, and the discipline provided for its violation is discharge.

Affidavit of John F. Dombrow, ¶ 4, Sept. 22, 1976.

■ Plaintiff's belief that he was discharged in retaliation for having filed a complaint with OSHA is based solely on the fact that his discharge occurred shortly after he filed the complaint. He does not aver that Globe in fact knew that he was the author of the complaint. Globe points out that there was no way that they could have known that the plaintiff filed the complaint because even the investigating Compliance Officer did not know the name of the complainant. Letter from Glen L. Butler to Mrs. Jeffreys, July 9, 1976. It thus appears that plaintiff was discharged for his failure to comply with repeated orders to return the AVO's.

As it appears from the materials before the Court that there are no genuine issues as to any material fact and that the moving parties are entitled to judgment as a matter of law, it is accordingly

ORDERED that the defendants' motions for summary judgment should be, and hereby are, granted, and that the plaintiff's complaint should be, and hereby is, dismissed.