In the Matter of NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE INDUSTRIAL BOARD OF APPEALS et al., Respondents.

Third Department, October 25, 1984

**APPEARANCES OF COUNSEL**

*Rowley, Forrest & O'Donnell, P. C.* (*Mark T. Walsh, Jr., Richard R. Rowley* and *Robert S. Hite* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Peter H. Schiff, William J. Kogan* and *Leslie B. Neustadt* of counsel), for respondents.

MAIN, J. P.

Petitioner is the authorized union representative for New York State correction officers, sergeants and lieutenants. After an incident at a correctional facility in which an automatic tear gas dispensing system did not operate when activated, petitioner sought an immediate inspection at certain correctional facilities by serving notice on respondent Commissioner of Labor (commissioner) of violations of safety and health standards and of the existence of imminent danger (see Labor Law, § 27-a, subd 5). Specifically, petitioner claimed that the absence or nonfunctioning of automatic tear gas dispensing systems, i.e., permanently installed, electronically activated mechanisms which release tear gas, in those areas where prisoners congregate in large numbers rendered the specified correctional facilities unsafe work places under the general duty clause of section 27-a (subd 3, par a, cl [1]) of the Labor Law. Following inspections of the correctional facilities, the commissioner informed petitioner that the absence or nonfunctioning of automatic tear gas dispensing systems did not constitute a violation of section 27-a of the Labor Law.

Petitioner then sought review of this determination pursuant to section 27-a (subd 6, par c) of the Labor Law and, after a hearing, respondent Industrial Board of Appeals (the board) revoked the commissioner's decision. The board found that the nonfunctioning of the automatic tear gas dispensing systems already in place constituted a violation of the general duty clause, but acknowledged that whether to include an automatic tear gas dispensing system as part of a correctional facility was a policy decision for respondent State Department of Correctional Services (the department) and, thus, did not require the installation of such systems in those facilities where a system had not previously been installed. Petitioner commenced this proceeding, which has been transferred to this court pursuant to CPLR 7804 (subd [g]), to challenge the board's determination.

Public employees have the right to work in "an environment * * * as free from hazards and risks to their safety as

is practicable" (L 1980, ch 729, § 1). To effect this end, public employers must comply with certain safety and health standards promulgated pursuant to section 27-a (subd 3, par a, cl [2]) of the Labor Law (see *Matter of New York State Coalition of Public Employers v New York State Dept. of Labor,* 89 AD2d 283, affd 60 NY2d 789). Public employers must also: "furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees" (Labor Law, § 27-a, subd 3, par a, cl [1]). Recognizing that any safety and health standards promulgated under section 27-a (subd 3, par a, cl [2]) of the Labor Law would not apply to tear gas dispensing systems in areas of mass prisoner congregation, petitioner challenges the conditions at the correctional facility under the general duty clause quoted above. Petitioner contends that because of the recognized dangerous environment in correctional facilities, especially in areas where prisoners congregate in large numbers, and of the evidence which indicates that automatic tear gas dispensing systems help ensure order, the absence or nonfunctioning of such systems constitutes unsafe working conditions as prohibited under the general duty clause. Respondents argue that the board's determination is supported by substantial evidence.

There is no substantial dispute that petitioner's members face, in their employment, recognized hazards, among which are serious injury and death resulting from mass prisoner disturbances.[*] The record reveals that automatic tear gas dispensing systems are regarded as the most effective methods to deter, or at least to quell, a mass prisoner disturbance. The record further reveals that petitioner's members have relied on the automatic tear gas dispensing systems where such systems are in place and that the nonfunctioning of such systems might have con-

---

[*] We recognize, and the record makes abundantly clear, that employment in prisons cannot be made completely free from such recognized hazards as death and serious injury resulting from mass prisoner disturbances. The unique nature of correctional facilities and employment therein has been considered in approaching the problems presented by this proceeding.

tributed to injuries being suffered by petitioner's members in at least one disturbance, which might have been ended sooner than it was had the system been operational. Against this background, it was not irrational for the board to conclude that nonfunctioning systems should be repaired and made operational. For the State to provide its employees with only the appearance of protection is simply unacceptable in the face of the mandate of the general duty clause.

Where these automatic systems are not in place, however, petitioner's members cannot rely on them for protection and the record reveals that a manual tear gas dispensing system, i.e., a correction officer firing tear gas canisters from a hand-held and hand-loaded weapon, is sufficient to provide for the safety of petitioner's members. Deputy Commissioner William G. Gard of the department testified that although he preferred the automatic dispensing systems, the manual system "adequately protected" correction personnel. Indeed, there is further evidence in the record to demonstrate that at least one mass prisoner disturbance was controlled and brought to a conclusion by a manual tear gas dispensing system. Thus, the board's failure to direct the installation of automatic tear gas dispensing systems at correctional facilities which do not have such systems was not arbitrary and capricious and was supported by substantial evidence.

There being substantial evidence that manual dispensing systems provide adequate protection to satisfy the general duty clause of section 27-a (subd 3, par a, cl [1]) of the Labor Law, we find no merit to petitioner's contention that the board's determination improperly delegated from the commissioner to the department the authority to impose adequate safety and health standards. The general duty clause does not require the best method of providing for the protection and safety of public employees and it is within the prerogative of the various public employers to provide more protection than is required under the general duty clause. Thus, there being substantial evidence to support the board's determination that the manual dispensing system adequately provides for the protection and safety of petitioner's members, the board did not improp-

erly delegate to the department the authority to impose adequate safety standards, but rather left to the department's discretion whether to implement greater safety standards than required.

Finally, we reject petitioner's claim that the board's determination must be annulled because the initial inspections were performed in violation of section 27-a (subd 5, par b) of the Labor Law in that the commissioner failed to provide notice of such inspections, thereby preventing petitioner from appointing representatives to attend the inspections. The record reveals that union representatives were present at the inspections. Furthermore, the facts of this proceeding appear to have been fully developed and petitioner does not claim any prejudice. Accordingly, the board's determination must be confirmed.

CASEY, MIKOLL, LEVINE and HARVEY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.