[612 NYS2d 609]

THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.

Second Department, May 16, 1994

APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* New York City *(James M. Williams, Richard Corenthal* and *Jane Lauer Barker* of counsel), for appellant.

*Albert C. Cosenza,* Brooklyn *(Evelyn Jonas* of counsel), for respondent.

## OPINION OF THE COURT

ROSENBLATT, J. P.

In this case and the companion appeal of *Hartnett v New York City Tr. Auth.* (200 AD2d 27 [decided herewith]), the Court is called upon, for the first time, to determine the appropriate time limitations for actions brought by the Commissioner of Labor pursuant to Labor Law § 27-a (10) (Public Employee Safety and Health Act [hereinafter the PESH Act]). In the companion appeal, we have addressed the question of which Statute of Limitations governs such an action, and, in that appeal, we have held that the three-year Statute of Limitations of CPLR 214 (2) is applicable.

This appeal raises the preliminary question of whether the plaintiff Commissioner of Labor is barred from bringing a lawsuit against an employer who has allegedly committed an act of discrimination prohibited by the PESH Act, when the employee complaining of the discrimination failed to file a complaint with the Commissioner until more than 30 days after the claimed discriminatory act occurred.

There are no reported New York cases interpreting the language at issue before us. Applying the rules of statutory construction, and upon our review of Federal decisions interpreting the statute upon which the PESH Act was based, we hold that the Commissioner is statutorily precluded from commencing the instant action and, accordingly, we uphold the dismissal of the complaint as time barred.

On August 28, 1986, the defendant New York City Transit Authority (hereinafter Transit Authority) assigned a 16-member crew to lay out certain railroad ties. Twelve of those workers, claiming unsafe working conditions, refused to perform the requested work. By disciplinary action notifications dated August 29, 1986, the Transit Authority charged each of the 12 workers with insubordination and suspended them for 10 days. The workers and the Transport Workers Union, Local

100, appealed the disciplinary charges pursuant to the grievance procedures of their collective bargaining agreement. The final step of the disciplinary process was a hearing before a Tripartite Arbitration Board, which resulted in a determination on April 2, 1987 by the Board that the conditions at the worksite were not unsafe, and that the track workers thus did not have cause to refuse the order to work. However, in view of the facts and circumstances of the case, and the work record of the employees involved, the Board reduced the penalty to a three-day suspension.

Meanwhile, on October 31, 1986, 63 days after the workers were suspended, the Transport Workers Union, Local 100, had filed a complaint with the New York State Department of Labor, alleging that the Transit Authority suspended the workers in violation of the PESH Act. Following an investigation, the New York State Department of Labor concluded that the Transit Authority discriminated unlawfully against the 12 workers by suspending them for their complaints about unsafe working conditions.

On March 21, 1991, almost 53 months after it received the complaint, the plaintiff New York State Commissioner of Labor commenced this action. Among other things, he sought to (1) require the Transit Authority to comply with the anti-discrimination provisions of the PESH Act, (2) declare that the Transit Authority discriminated against the 12 track workers by suspending them, and (3) require the Transit Authority to reimburse the workers for all lost wages and benefits.

The Transit Authority moved to dismiss the action on the ground it was barred by the 30-day Statute of Limitations for the filing of employee complaints with the Commissioner pursuant to Labor Law § 27-a (10), as well as the three-year Statute of Limitations of CPLR 214 (2).

The Supreme Court (Hutcherson, J.) granted the Transit Authority's motion to dismiss the action, finding it was predicated on an employee's complaint that was not filed with the Commissioner within the 30-day period provided for under Labor Law § 27-a (10). We affirm.

New York State enacted Labor Law § 27-a (the PESH Act) in 1980 to insure that public employees "work in an environment that is as free from hazards and risks to their safety as is practicable" (L 1980, ch 729, § 1). By this Act, the Legislature intended to provide public employees with the same

protections afforded by the United States Occupational Safety and Health Act (29 USC § 651 *et seq.* [hereinafter OSHA]) to private employees.

Labor Law § 27-a (10) provides:

"10. Discrimination against employees. a. No person shall discharge, or otherwise discipline, or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this section or has testified or is about to testify in any such proceeding, or because of the exercise by such employee on behalf of himself or others of any right afforded by this section.

"b. Any employee who believes that he has been discharged, disciplined, or otherwise discriminated against by any person in violation of this subdivision *may, within thirty days after such violation occurs, file a complaint* with the commissioner alleging such discrimination. Upon receipt of such complaint, the commissioner shall cause such investigation to be made as he deems appropriate, and shall, if requested withhold the name of the complainant from the employer. If upon such investigation, the commissioner determines that the provisions of this subdivision have been violated, he shall request the attorney general to bring an action in the supreme court against the person or persons alleged to have violated the provisions of this subdivision. In any such action the supreme court shall have jurisdiction, for cause shown, to restrain violations of this subdivision and order all appropriate relief, including rehiring or reinstatement of the employee to his former position with all back pay" (emphasis supplied).

The question before us is whether the language of Labor Law § 27-a (10) (b), that an employee "may, within thirty days after such violation occurs, file a complaint with the commissioner" operates to bar lawsuits based on complaints filed with the Commissioner beyond the 30-day time period. The Commissioner contends that the language is not "mandatory" but "directory," with its purpose "to avoid the filing of stale claims and to protect the Commissioner of Labor from having to investigate stale discrimination claims, not to protect the employer from being sued". He asserts, in effect, that because the word "may" is permissive, he is not precluded from bringing an action even when an employee has filed a complaint with him more than 30 days after the alleged discriminatory act. The Transit Authority counters that the language

mandates that complaints be filed with the Commissioner within 30 days after an alleged violation, and that an action based on a complaint not filed within that time period must be dismissed.

We conclude that Labor Law § 27-a (10) (b) is a Statute of Limitations, and that because the plaintiff has failed to establish an equitable tolling of the time period, the complaint was properly dismissed.

Whether a given provision in a statute is "mandatory" (i.e., mandating compliance so as to operate as a bar) or "directory" (i.e., providing advisory but not mandatory compliance) is to be determined "primarily from the legislative intent gathered from the entire act and the surrounding circumstances, keeping in mind the public policy to be promoted and the results that would follow one or the other conclusion" (McKinney's Cons Laws of NY, Book 1, Statutes § 171).

OSHA, the statute upon which the PESH Act was premised, similarly contains a provision that "[a]ny employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection *may,* within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination" (29 USC § 660 [c] [2]) (emphasis supplied). Federal courts interpreting that section have uniformly held it to be a Statute of Limitations *(see, Donovan v Hahner, Foreman & Harness,* 736 F2d 1421, 1424 [in holding that the time-filing requirement was a Statute of Limitations, the court reasoned that it was serving the remedial purpose of the Act, without negating the filing requirement's purpose to give prompt notice to the employer]; *Usery v Northern Tank Line,* 4 OSH Cas [BNA] 1964 [30-day time limitation is mandatory rather than directory]; *see also, Marshall v Certified Welding Corp.,* 7 OSH Cas [BNA] 1069 [complaint must be filed within 30 days]; *Powell v Globe Indus.,* 431 F Supp 1096, 1100 [Act requires a complaint to be filed within 30 days after the discriminatory action]; *Donovan v Peter Zimmer Am.,* 557 F Supp 642, 650 [30-day time limit is a Statute of Limitations]).

The Commissioner argues that the 30-day time period is for his protection—to protect him from having to investigate stale discrimination claims, not to protect the employer from being sued. In support of that argument, he relies upon *Donovan v Diplomat Envelope Corp.* (587 F Supp 1417 [ED NY 1984], *affd* 760 F2d 253). There, the United States District Court for the

Eastern District of New York held that an employee's complaint, filed 39 days after the alleged discrimination, was not time barred. In support of that holding, the court stated that the employer, by not raising the defense in its answer, waived the defense, and that the defense was "petty" since the complaint was filed only nine days beyond the 30-day period. The court also stated that "it is not clear that the time limitation in question creates a right in favor of the employer. It may well be that the time limitation is designed solely for the benefit of the Secretary, to protect the Secretary from the necessity of having to investigate claims which he regards as stale" *(Donovan v Diplomat Envelope Corp., supra,* at 1423). The court, however, cited no authority in support of that proposition and, indeed, there are no reported decisions that reach the same conclusion regarding the purpose of the time limitation. Moreover, *Donovan* is distinguishable in one critical feature: there is no claim of waiver in the case before us.

It is true, as the Commissioner asserts, that "unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory" *(Matter of Grossman v Rankin,* 43 NY2d 493, 501), and that this is true even where the seemingly mandatory word "shall" is used *(see, e.g., Figueroa v Market Training Inst.,* 167 AD2d 503, 506; *Matter of Sullivan v Siebert,* 70 AD2d 975). These cases, however, interpret statutes that are not analogous to Labor Law § 27-a.

Moreover, it is a "rule of statutory construction that 'effect and meaning must, if possible, be given to the entire statute and every part and word thereof' " *(Sanders v Winship,* 57 NY2d 391, 396, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 98). The Commissioner's interpretation here violates that rule, and would lead to incongruity and unintended consequences. The Commissioner would have it that an employee *may* file a complaint within 30 days but he or she is equally free to do so at any time, however inordinate, thereafter. We disagree. The word "may" refers to the employee's choice as to whether to proceed, not when to proceed. If we accept the Commissioner's linguistics, the Legislature would have had to have provided that employees "must" file complaints in any case. Obviously, the Legislature has left the choice with the employee, saying, in effect, that the employee may file a complaint, and that, if he or she chooses to do so, there is a 30-day window in which to do it *(see, e.g., Usery v*

*Northern Tank Line, supra,* at 1967). Any other interpretation would allow such complaints to be filed months or even years after the alleged discriminatory violation.

In light of our determination, we need not address the Commissioner's remaining contention, which is, in any event, without merit *(see, Hartnett v New York City Tr. Auth.,* 200 AD2d 27, *supra).*

MILLER, LAWRENCE and PIZZUTO, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.