[612 NYS2d 613]

Thomas F. Hartnett, as Commissioner of Labor of the State of New York, Respondent, v New York City Transit Authority, Appellant.

Second Department, May 16, 1994

## APPEARANCES OF COUNSEL

*Albert C. Cosenza,* Brooklyn *(Edward F. Zagajeski* of counsel), for appellant.

*G. Oliver Koppell, Attorney-General,* New York City *(Jane Lauer Barker, Richard Corenthal* and *Christina Norum* of counsel), for respondent.

## OPINION OF THE COURT

ROSENBLATT, J. P.

In this case and the companion appeal of *Hartnett v New York City Tr. Auth.* (200 AD2d 20 [decided herewith]), the Court is called upon, for the first time, to determine the appropriate Statute of Limitations for actions brought by the Commissioner of Labor, pursuant to Labor Law § 27-a (10) (the Public Employee Safety and Health Act [hereinafter the PESH Act]). In the companion appeal, we have addressed the initial question of whether an employee's failure to file a complaint with the Commissioner until more than 30 days after the discriminatory act constitutes a statutory bar to such a lawsuit, and have held that it does preclude an action.

The issue raised in this appeal is whether an action commenced pursuant to the PESH Act is governed by the three-year Statute of Limitations of CPLR 214 (2) or the six-year Statute of Limitations of CPLR 213 (1). We hold that CPLR 214 (2) is the applicable Statute of Limitations and, accordingly, reverse the order appealed from and grant the defendant's motion to dismiss the complaint as untimely.

The complaint alleges that on March 31, 1987, the defendant New York City Transit Authority (hereinafter the Transit Authority) assigned four track workers to do outdoor track work under hazardous conditions. The complaint further alleges that the workers feared for their safety, and requested that their supervisor assign them to a less hazardous worksite. The supervisor refused, and ultimately instructed the workers to go home. As a result of the incident, each of the four workers lost eight hours of pay and was suspended for three days. On April 29, 1987, the Transport Workers' Union, Local 100, on behalf of the workers, filed a complaint with the New York State Department of Labor, alleging that the workers were suspended by the Transit Authority for refusing to work under dangerous conditions.

Four years later, in May 1991, the Commissioner of Labor

commenced this action seeking back pay, and injunctive and declaratory relief for the Transit Authority's alleged violation of the PESH Act. Specifically, the Commissioner of Labor sought a declaration that the Transit Authority violated the PESH Act by disciplining the four workers for exercising their rights under the Act. He also sought to compel the Transit Authority to (1) reimburse the employees for the lost pay, (2) remove from the employees' personnel files all references to the incident, (3) comply, in the future, with the provisions of the PESH Act, and (4) post notices advising Transit Authority employees of the requirements of the PESH Act and the findings of the court in the case.

The PESH Act does not contain any specific period of limitations within which the Commissioner may bring such an action. The Transit Authority moved to dismiss the complaint, arguing that the action was barred by the three-year Statute of Limitations set forth in CPLR 214 (2). The court denied the motion, holding, as the Commissioner had asserted, that since the complaint sought an equitable remedy, the six-year Statute of Limitations set forth in CPLR 213 (1) applied. The precise question before us is whether the action is governed by the three-year limitation of CPLR 214 (2), or by the six-year limitation of CPLR 213 (1). A comparison of the two statutes compels our conclusion that the PESH Act, which created a cause of action that broke with common law, is governed by CPLR 214 (2).

CPLR 213 (1) sets forth a six-year limitation period for commencing "an action for which no limitation is specifically prescribed by law". CPLR 214 (2), however, is specific in prescribing a three-year Statute of Limitations for "an action to recover upon a liability, penalty or forfeiture *created or imposed by statute*" (emphasis supplied).

It is well established that CPLR 214 (2) only governs liabilities that would not exist but for a statute *(see, Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 174). Under common law, an employee could be discharged at the will of the employer *(see, Martin v New York Life Ins. Co.,* 148 NY 117). By enacting the PESH Act, the Legislature created a newly cognizable cause of action to protect employees who complained about unsafe working conditions *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 302, n 1). Thus, the PESH Act requires that public employers comply with certain safety and health standards, in order to provide public employees with " 'an environment * * * as free from hazards and risks to

their safety as is practicable' " *(Matter of New York State Inspection, Sec. & Law Enforcement Empls. v New York State Indus. Bd. of Appeals,* 103 AD2d 489, 490-491, quoting L 1980, ch 729, § 1).

In arguing that the six-year limitations period of CPLR 213 (1) is applicable here, the Commissioner asserts first, that "while the PESH Act created a new cause of action, it is not one to enforce a 'liability,' since liability in section CPLR 214 (2) refers to a claim at law for damages normally relating to a personal injury claim, not available under Labor Law section 27-a (10)". We do not read that term so narrowly. "Liability," as a legal term, has a meaning appreciably broader than is advanced by the Commissioner. In *Mayfield v First Natl. Bank* (137 F2d 1013, 1019), the court stated that "Liability is a broad legal term which is usually held to include every kind of legal obligation, responsibility or duty, certainly all that are measured by money obligation. Liability may arise from contract, express or implied, from duty imposed by law, or by judgment of a court, or as a consequence of tort committed". In *Matter of Prudential Lines* (148 Bankr 730, 741), the court noted that "[l]iability is a broad legal term that generally is defined as all debts and obligations arising under law" *(see also, Eberhard v Aetna Ins. Co.,* 134 Misc 386, 388 ["Liability is a broad term of comprehensive significance. It is synonymous with amenability or responsibility. Generally speaking, it expresses some form of obligation and when applied to contracts refers to legal responsibility"]). Thus, we do not agree with the Commissioner that the language of CPLR 214 (2) precludes its applicability to the case before us.

The Commissioner also asserts that CPLR 213 (1), which governs actions in which equitable relief is sought, is applicable here, because the remedies he seeks are equitable in nature. CPLR 213 (1) is the " 'residual' " Statute of Limitations, "which governs equity actions and all other actions for which no limitation is otherwise prescribed" (Siegel, NY Prac § 438, at 667 [2d ed]). However, it is settled that a plaintiff is not automatically entitled to that "relatively generous period" (Siegel, NY Prac § 438, at 667 [2d ed]) merely by seeking declaratory relief *(see, Solnick v Whalen,* 49 NY2d 224; *see also,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 213.01, 213.02). "That would make it too easy for a plaintiff to evade the shorter period prescribed for an alternative remedy that might be just as effective in the particular case" (Siegel, NY Prac § 438, at 667 [2d ed]). In *Solnick v Whalen (supra,* at 229-

230), the Court of Appeals formulated a standard by which to determine the appropriate Statute of Limitations: "In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought—factors we have previously identified as pertinent to selection of the applicable Statute of Limitations * * * If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213 (subd 1) is not applicable".

Indeed, the three-year limitation period of CPLR 214 (2) for statutory causes of action has been consistently applied to actions seeking equitable relief (see, *Stettine v County of Suffolk,* 105 AD2d 109, 113, *affd* 66 NY2d 354 ["Because the substance of the claim underlying the declaratory judgment action at bar * * * arises out of sections 801 and 804 of the General Municipal Law, Special Term properly applied the three-year Statute of Limitations governing statutory causes of action"]; *Sturgis v Sullivan County Harness Racing Assn.,* 98 AD2d 901 [three-year limitation period of CPLR 214 (2) applied to bar equitable claim that would not have existed but for the Racing, Pari-Mutuel Wagering and Breeding Law]; *De Giacomo v Kissinger,* 62 AD2d 1048 ["We hold that section 207-c (of the General Municipal Law) is properly the basis for a common-law action for declaratory relief, and is subject to the three-year limitation period contained in CPLR 214 (subd 2) applying to an action for recovery 'upon a liability * * * created or imposed by statute' "]; *see also, Koeppel v Wachtler,* 141 AD2d 613 [three-year limitation period of CPLR 214 (2) applied to cause of action for declaratory relief pursuant to Executive Law § 296 (1) (a)]; *Fiesel v Board of Educ.,* 675 F2d 522 [three-year limitation period of CPLR 214 (2) applied to action for declaratory and injunctive relief pursuant to 42 USC § 1983]; *Gordon v Winpisinger,* 581 F Supp 234 [three-year limitation period of CPLR 214 (2) applied to a cause of action for injunctive relief pursuant to Labor-Management Reporting and Disclosure Act]; *Auletta v Tully,* 576 F Supp 191, 195 ["It is beyond cavil" that the three-year limitation

period of CPLR 214 (2) applies to action for declaratory and injunctive relief pursuant to 42 USC § 1983]).

The Commissioner relies upon *Ufland v Buffalo Courier Express* (394 F Supp 199, 201), in which the court held that the three-year Statute of Limitations of CPLR 214 was not applicable to the plaintiff's action brought pursuant to the Veterans Reemployment Rights Act, since the action was "premised on equitable principles". We decline to follow this reasoning, however, as inconsistent with *Solnick v Whalen* (49 NY2d 224, *supra).* "The construction by State courts of a State statute is binding on the Federal courts, there being no Federal question involved, even though such courts disagree with the soundness of the interpretation * * * A Federal decision contrary in principle is not binding upon a State court in respect of a State statute or of a domestic doctrine not involving a Federal question" *(Marsich v Eastman Kodak Co.,* 244 App Div 295, 296, *affd* 269 NY 621; *see generally,* 29 NY Jur 2d, Courts and Judges, § 492). Moreover, *Ufland v Buffalo Courier Express (supra),* standing alone, is at odds with other Federal cases that hold that the three-year limitation period of CPLR 214 (2) should be applied to cases invoking statutory remedies, even though the complaints seek equitable relief *(see, e.g., Fiesel v Board of Educ., supra; Auletta v Tully, supra).*

We conclude that an action for relief pursuant to the PESH Act is governed by the three-year limitation period of CPLR 214 (2). Accordingly, the order appealed from is reversed, on the law, the defendant's motion is granted, and the complaint is dismissed as untimely.

MILLER, LAWRENCE and PIZZUTO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.