■ In the Matter of PETER M. SULLIVAN et al., Appellants, v MURIEL F. SIEBERT, as Superintendent of Banks, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 13, 1978 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to compel the respondents to forthwith issue and publish their respective annual reports in compliance with section 164 of the Executive Law. Section 164 of the Executive Law, in pertinent part, provides: "Each department, other than the executive department, shall make an annual report to the governor and legislature on or before the fifteenth day of May, for the preceding calendar year." None of the respective State departments headed by the respondents had completed their report by the due date. The petitioner New York Public Interest Research Group, Inc. (NYPIRG) is a not-for-profit corporation organized and operating under the laws of New York State. Petitioner Peter M. Sullivan is a member of the New York State Assembly. Petitioners made two demands on respondents for a copy of the 1977 annual report, one on May 17, 1978 and. the second on June 2, 1978. No copy was supplied to petitioners. Petitioners initiated a proceeding, pursuant to CPLR article 78, seeking relief in the nature of mandamus to compel the respondents to forthwith issue and publish their respective annual reports. The respondents urge that petitioners lack legal capacity to bring the action. An order in the nature of mandamus lies only when it is established that petitioner has a clear legal right he is entitled to enforce and that a ministerial officer, whose duty it is to enforce the right or otherwise to act in furtherance thereof, has refused to perform his duty. It is used to enforce an administrative act required to be done by a provision of law (*Matter of Walsh v La Guardia*, 269 NY 437). NYPIRG contends that it has standing to sue on the basis of article 7-A of the State Finance Law. We disagree. Actions under article 7-A are reserved to citizens-taxpayers and concern the disbursement or expenditure of State funds or State property. Such is not the case here and, therefore, the action by NYPIRG should be dismissed for lack of standing. However, the challenge to the standing of petitioner Sullivan to pursue the relief sought must fail. Section 164 of the Executive Law provides that annual reports are to be made to the Governor and the Legislature. As a member of the Legislature, Sullivan has a statutory right to receive copies of the reports. This right confers standing upon Sullivan to pursue this action. Petitioner Sullivan contends that he is entitled to mandamus because section 164 of the Executive Law is mandatory, and not directory in nature, and that respondents have failed to do an act enjoined on them by the law. With the exception of the Department of Commerce and the State Civil Service Commission, whose reports have already been filed and as to whom the action was dismissed as moot, we find as to the remaining respondents that although this statute is framed in mandatory terms, this in and of itself is not conclusive on the question of its nature. This court stated in *Matter of Rochester Gas & Elec. Corp. v Maltbie* (272 App Div 162) that, where a public officer is required to perform an act within a specified time, it will be considered as directory only, unless the nature of the act to be performed or the language used by the Legislature shows that the designation of the time was intended as a limitation of the power of the officer. The absence of words in this statute which would render the performance of the act illegal if compliance is not made by the due date leads to the conclusion that the statute is merely directory. If we look, as well, to the purpose of the statute for further clarification of the nature of the statute, we find that it was intended "merely to secure system, uniformity, and dispatch in the public

business" (McKinney's Cons Laws of NY, Book 1, Statutes, § 172, p 336). To conclude that the May 15 date is mandatory in view of the avowed statutory purpose would be to nullify that purpose and make it meaningless. We find that the statute is merely directory. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.