◼ JOSEPH FIGUEROA et al., Respondents, v MARKET TRAINING INSTITUTE, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for fraud, negligent misrepresenta-

tion, breach of contract, and for declaratory and injunctive relief, the defendants separately appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), entered April 17, 1989, as denied their respective motions to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The amended complaint alleges that the named plaintiffs enrolled as students at the Market Training Institute, Inc. (hereinafter MTI), a proprietary business school, in the hope that they would obtain the job skills necessary to start a career and end their dependence on public assistance. According to the plaintiffs, to their dismay they soon found that they had been misled with respect to MTI's facilities, equipment, training, and job placement opportunities, and were left "without skills, without jobs, and with huge student loans to repay". Thus, they commenced this action, in their own right and on behalf of those similarly situated, against MTI, against Milton and Elena Lang, officers and sole shareholders of MTI, and against the Commissioner of the New York State Education Department (hereinafter the Department).

The amended complaint asserts three causes of action against the Department based upon its alleged failure to fulfill its statutory obligation to take action against MTI in response to allegations that MTI employed uncertified agents (see, Education Law § 5004), and that it engaged in fraudulent representations and deceptive acts and practices (see, Education Law § 5003), and upon the Department's alleged failure to fulfill its statutory obligation to timely respond to student complaints (see, Education Law § 5003 [former (4) (d)]). The plaintiffs sought judgment against the Department, inter alia, declaring that its failure to fulfill its obligations was arbitrary, capricious, an abuse of discretion, and violative of the Education Law.

By notice of motion dated May 27, 1988, the Department moved to dismiss the amended complaint for failure to state a cause of action. The notice of motion, however, was not supported by any affidavits submitted on its behalf, and did not indicate why it believed that the causes of action asserted against it were defective. It simply referred to the amended complaint, without more. Thereafter, however, in what it labeled a reply affidavit, the Department argued, for the first time, that the causes of action asserted against it should be dismissed as moot. This argument was based upon the issu-

ance of an order by the New York State Education Commissioner on July 26, 1988, wherein he directed MTI to show cause why the Department should not impose disciplinary measures against MTI for (1) employing uncertified enrollment agents, (2) using an advertisement containing an endorsement for which it agreed to pay financial consideration, and (3) procuring or soliciting students through misleading advertising. The Department argued that by virtue of the issuance of this order, it had fulfilled its statutory obligations, thus rendering the claims asserted against it moot. The Supreme Court concluded that the amended complaint stated causes of action against the Department which were not rendered moot by virtue of the Commissioner's order. We agree.

We note that the record before us does not contain any indication that, with the exception of its mootness claim, the arguments made by the Department on appeal were made before or decided by the Supreme Court. Nevertheless, we consider those arguments and find them, as well as the argument relating to mootness, to be without merit.

Education Law § 5001 *et seq.*, which deals with private trade and correspondence schools, was revamped in 1986 in response to pervasive violations in the registered business school industry and the Department's inability to deal with them *(see,* Off of NY State Comp, Staff Study on the Tuition Assistance Program for Registered Business Schools [July 8, 1986]; La-Valle, mem in Support of Senate Bill No. 9390 and Assembly Bill No. 11649). The current statutory scheme gives the Department almost exclusive jurisdiction over private trade and correspondence schools, establishing strict guidelines, the violation of which may result in disciplinary action *(see,* Education Law § 5003). The legislation also provides for a procedure whereby a student who believes that he or she has been aggrieved by a violation may file a written complaint with the Department and "[t]he commissioner shall within twenty days of receipt of such written complaint, commence an investigation of the alleged violation and shall within sixty days of the receipt of such written complaint, issue a written finding as to whether there is good cause to initiate disciplinary proceedings" (Education Law § 5003 [former (4) (d)]). The statute requires that the Commissioner "furnish such findings to the person who filed the complaint and to the chief operating officer of the school cited in the complaint" (Education Law § 5003 [former (4) (d)]). It is both the letter and the spirit of the legislation, as well as the statutory duty of the Commis-

506

sioner, to enforce and give effect to the Education Law *(see,* Education Law § 305 [1]; § 308), that the Commissioner is alleged to have violated.

As the Department correctly notes, "unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory" *(Matter of Grossman v Rankin,* 43 NY2d 493, 501; *Matter of Sullivan v Siebert,* 70 AD2d 975). This is so even though, as here, the seemingly mandatory word "shall" is used *(see, Matter of Grossman v Rankin, supra; Matter of Sullivan v Siebert, supra).* Assuming that the time limitations mentioned in Education Law § 5003 (former [4] [d]) are directory and not mandatory *(cf., Matter of King v Carey,* 57 NY2d 505; *Matter of Gonkjur Assocs. v Abrams,* 57 NY2d 853), the plaintiffs still are not divested of a cause of action. Viewing the allegations in the complaint as true *(see, Grand Realty Co. v City of White Plains,* 125 AD2d 639), the Department has not simply failed to act in a timely manner—it has totally abdicated its responsibility. Thus, the plaintiffs are not seeking to require the Department *to act in a certain way:* they are simply asking for a direction that the Department fulfill its statutory obligation *to act (see, Klostermann v Cuomo,* 61 NY2d 525, 539). On this basis, the plaintiffs may petition the court for both declaratory and injunctive relief, and dismissal of the causes of action asserted against the Department is not warranted at this juncture *(see, Klostermann v Cuomo, supra; see also, Matter of Stuart & Stuart v New York State Liq. Auth.,* 29 AD2d 176; *Matter of Hannon v Bartlett,* 93 Misc 2d 321, *affd* 63 AD2d 810).

Nor have these causes of action been rendered moot by virtue of the July 26, 1988, order to show cause. As the Supreme Court correctly noted, "the papers show that [the Department] has not addressed itself to all of the complaints of plaintiffs". For example, only some of the allegedly deceptive practices that the amended complaint asserts were committed by MTI are mentioned in the Commissioner's order. Moreover, the record is unclear as to whether the scope of the investigation commenced by the Commissioner's order encompasses all of the complaints received by the Department from the plaintiffs and those similarly situated. Thus, dismissal on the basis of mootness was properly denied.

We have considered the Department's remaining contentions and find that they do not warrant dismissal of the complaint at this juncture.

The motion to dismiss the causes of action asserted against the defendants MTI, Milton Lang, and Elena Lang, which are based upon alleged violations of the General Business Law and the Education Law, fraud and negligent misrepresentation, breach of contract and fiduciary duty, and fraudulent inducement, was properly denied for the reasons stated by Justice Shaw in his memorandum decision dated March 8, 1989. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.