[635 NYS2d 803]

In the Matter of TUG BUSTER BOUCHARD CORPORATION et al., Respondents, v JAMES W. WETZLER, as Commissioner of the New York State Department of Taxation and Finance, Appellant.

Third Department, January 4, 1996

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(John McConnell* and *Nancy A. Spiegel* of counsel), for appellant.

*Schulz & Associates,* Melville *(Craig B. Greenfield, Thomas P. Schulz* and *Gregory H. Chertoff* of counsel), for respondents.

## OPINION OF THE COURT

CREW III, J.

Petitioners are corporations duly organized and existing under the laws of this State that provide barge and/or towing services within New York Harbor and other ports located along the eastern seaboard of the United States. The vessels operated by petitioners are powered by petroleum fuel purchased from various out-of-State suppliers. In September 1991, the Department of Taxation and Finance conducted an audit of petitioners for the period January 1984 through August 1990, at the conclusion of which the Department issued an assessment in the aggregate amount of $258,313.74, including interest and penalties, pursuant to Tax Law article 13-A, commonly known as the "Tax on Petroleum Businesses" *(see,* Tax Law § 300 *et seq.).* This assessment was based upon a finding that, during the relevant period, petitioners had purchased fuel in New Jersey and thereafter imported and consumed such fuel in this State without paying the requisite "privilege" tax pursuant to Tax Law § 301. Petitioners subsequently requested conciliation conferences and filed timely objections to the notices of deficiency.

In November 1992, without having participated in any conciliation conferences, petitioners commenced this CPLR article 78 proceeding seeking cancellation of the notices of defi-

ciency, a declaration that Tax Law § 301 facially discriminates against interstate commerce in violation of the Commerce Clause and 42 USC § 1983, and counsel fees pursuant to 42 USC § 1988. Respondent thereafter moved to dismiss the petition contending, *inter alia*, that petitioners had failed to exhaust their administrative remedies. Supreme Court denied the motion, finding that petitioners' constitutional challenge fell within an exception to the exhaustion rule and that the petition stated a cause of action.* Thereafter, by judgment entered July 27, 1994, Supreme Court granted petitioners' application to the extent that it canceled the notices of deficiency, declared Tax Law § 301 facially discriminatory against interstate commerce and awarded petitioners costs. This appeal by respondent ensued.

Insofar as is relevant to this appeal, Tax Law § 301 (a) (1) provides that: "Notwithstanding any other provision of this chapter, or of any other law, for taxable years commencing on or after [April 1, 1984] * * * and ending with (but not including) taxable years commencing on and after [September 1, 1990] * * * there is hereby imposed upon every petroleum business, for the privilege of engaging in business, doing business, employing capital, owning or leasing property, or maintaining an office in this state, for all or any part of each of its taxable years, an annual tax equal to two and three-quarters per centum * * * of (i) its gross receipts from sales of petroleum where shipments are made to points within the state, (ii) the consideration given or contracted to. be given by it for petroleum (other than aviation fuel) which it imported or caused to be imported (by a person other than one which is subject to tax under this article) into this state for consumption by it in this state, and (iii) the consideration given or contracted to be given by it for aviation fuel consumed by it in this state. In no event shall the tax imposed * * * be less than [$250]." During the relevant time period, the phrase "petroleum business" encompassed "every corporation * * * regularly engaged in importing or causing to be imported (by a person other than one which is subject to tax under this article) petroleum into this state for consumption by it in this state" (Tax Law § 300 [former (c)]; *see*, L 1984, ch 67, § 1).

It is well settled that a State taxing statute challenged under the Commerce Clause may be sustained if "the tax is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate

---

* It does not appear that respondent appealed from this order.

commerce, and is fairly related to the services provided by the State" (*Complete Auto Tr. v Brady*, 430 US 274, 279; *accord, Goldberg v Sweet*, 488 US 252, 257). As petitioners do not argue that the statute at issue runs afoul of the substantial nexus, apportionment or fair relation requirements, our inquiry on appeal distills to whether the tax at issue discriminates against interstate commerce. To that end, the United States Supreme Court has instructed that a taxing statute "may violate the Commerce Clause if it is facially discriminatory, has a discriminatory intent, or has the effect of unduly burdening interstate commerce" (*Amerada Hess Corp. v New Jersey Taxation Div.*, 490 US 66, 75). In this regard, discrimination means dissimilar treatment of in-State and out-of-State economic interests, benefiting the former and burdening the latter (*see, Chemical Waste Mgt. v Hunt*, 504 US 334, 340-342).

On appeal, respondent argues that Tax Law § 301 is not facially discriminatory because its "net practical effect" is to impose a tax upon all in-State consumers of petroleum products without regard to the place of purchase. Specifically, respondent contends that the tax imposed by Tax Law § 301 (a) (1) (ii) upon the purchasers and consumers of imported petroleum, such as petitioners, is also imposed upon the in-State purchasers and consumers of domestic petroleum because the sellers of domestic petroleum, who pay a use tax, "pass through" such tax to the in-State consumers in the form of higher prices. Thus, respondent asserts, the tax is applied uniformly and, as such, does not violate the Commerce Clause.

Respondent's entire argument on this point, however, is premised upon the assumption, if not speculation, that (1) the use tax paid by the in-State seller of domestic petroleum is equal to the tax imposed upon petitioners and those similarly situated, and (2) such in-State seller will, in every instance, "pass along" the full amount of the use tax it paid to its customers, thereby negating the effect of, or offsetting, the burden imposed upon petitioners and those similarly situated by Tax Law § 301 (a) (1) (ii). Although we acknowledge that the "pass-through" theory has been recognized as a way of shifting tax expenses to in-State consumers by way of increased prices (*see generally, California Bd. of Equalization v Chemehuevi Tribe*, 474 US 9, 11), the fact remains that unless respondent's assumptions are transformed into economic reality, in-State sellers of domestic petroleum remain benefited while petitioners and those similarly situated remain burdened, thereby leading to the conclusion that the tax at issue violates the Commerce Clause.

Having concluded that Tax Law § 301 (a) (1) (ii) is facially discriminatory, we must now apply the "internal consistency test" in order to determine whether the discriminatory taxation results in "impermissible interference with free trade" (*Armco Inc. v Hardesty*, 467 US 638, 644). In so doing, we are to "hypothesize[ ] a situation where other [s]tates have passed an identical statute" and determine if, under such circumstances, multiple taxation would result (*Goldberg v Sweet*, 488 US 252, 261, *supra*).

Applying this test to the matter before us, if New Jersey were to enact a taxing scheme identical to the one at issue here, an entity that purchased petroleum from New Jersey for consumption in this State would pay New Jersey sales tax on the petroleum purchased there, as well as the "privilege" tax imposed pursuant to Tax Law § 301 (a) (1) (ii). Similarly, an entity purchasing petroleum in this State for consumption in New Jersey would pay New York sales tax, as well as a tax on the amount paid for the petroleum being imported into New Jersey. Inasmuch as respondent contends that petitioners are not entitled to offset the sales tax paid in New Jersey or to any other out-of-State supplier against the tax imposed by Tax Law § 301 (a) (1) (ii), Supreme Court correctly concluded that this provision results in multiple taxation and, as such, fails the internal consistency test.

We do, however, agree with respondent that Supreme Court erred in declaring Tax Law § 301, in its entirety, to be unconstitutional. Upon reviewing the legislative history of Tax Law article 13-A, and taking into consideration the severability clause included in its original enactment (*see*, L 1983, ch 400, § 21), we are persuaded that the Legislature "would have wished the statute to be enforced with the invalid part exscinded" rather than have the entire statute be stricken (*People ex rel. Alpha Portland Cement Co. v Knapp*, 230 NY 48, 60, *cert denied* 256 US 702). Accordingly, Supreme Court's judgment must be modified to the extent of striking only Tax Law § 301 (a) (1) (ii).

MIKOLL, J. P., MERCURE, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as declared Tax Law § 301 unconstitutional; Tax Law § 301 (a) (1) (ii) is hereby declared to be unconstitutional; and, as so modified, affirmed.