■ In the Matter of PETERSON PETROLEUM OF NEW HAMPSHIRE INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [654 NYS2d 433] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's request for registration as a distributor of diesel motor fuel under Tax Law article 12-A.

This CPLR article 78 proceeding centers on Tax Law article 12-A, which requires distributors to pay certain taxes levied upon the sale and use in New York of certain motor fuels, including diesel motor fuel (Tax Law § 287). To insure that a distributor can be relied upon to properly exercise its tax collecting responsibilities, it must apply to be registered with the Department of Taxation and Finance (Tax Law § 283 [1]; *see also*, Mem of State Dept of Taxation & Fin, 1986 McKinney's Session Laws of NY, at 2882). In the event that respondent Commissioner of Taxation and Finance finds that an applicant has engaged in certain statutorily proscribed conduct which reflects adversely on its ability to fulfill its tax collecting responsibilities, he may refuse to register it (Tax Law § 283 [2]). Here, the Commissioner made such a finding with respect to petitioner and refused to register it. On administrative appeal, his determination was sustained by the Administrative Law Judge (hereinafter ALJ) and respondent Tax Appeals Tribunal. This proceeding ensued.

The essential facts are that sometime prior to 1992, Huntington & Kildare Inc. (hereinafter H & K) purchased petitioner, which operated a motor fuel oil distributorship in New Hampshire, and Peterson Petroleum Inc. (hereinafter PPI), a registered New York motor fuel distributor. In 1992 their supplier, Sun Oil Company, required the two distributorships to operate under petitioner's account so that the gallonage sold to

them would remain above the minimum required to remain a Sun Oil distributor. In October 1992, petitioner filed an application to register as a distributor of diesel motor fuel which was refused because its former president had outstanding New York tax liabilities. On July 29, 1993, petitioner resubmitted its application. By letter dated August 16, 1993 to petitioner's attorneys, the Department advised petitioner that it was not registered and could not sell diesel product in New York. This admonition was repeated in a September 15, 1993 letter to petitioner's attorneys. Despite these warnings, petitioner sold diesel motor fuel in New York without being registered, utilizing PPI's registration number. This led the Commissioner, on November 26, 1993, to issue a notice of proposed refusal to register petitioner as a distributor.* He also canceled PPI's registration on the ground that it transferred its registration without the prior written approval of the Department.

Petitioner's initial argument is that it is entitled to be registered because of the admitted failure by the ALJ and the Tribunal to render their decisions within the time limitations set forth in Tax Law former § 283 (6) (a). This argument is primarily predicated upon *Matter of Janus Petroleum v New York State Tax Appeals Tribunal* (180 AD2d 53), wherein we held that under Tax Law former § 283 (6) (a) the time limitations were mandatory in light of the statutory language that "[i]f the tax commission fails to issue a notice of refusal to register within such three-month period * * * the tax commission shall register the applicant immediately upon the conclusion of such

---

* The Commissioner provided 15 reasons for his determination. The Tribunal confirmed five. They are:

1. "[Petitioner has] operated as a Diesel Distributor in New York without being properly registered to do so" (Tax Law § 283 [4]).

2. "[Petitioner has] impersonated a registered distributor by using the registration of (PPI) to conduct [petitioner's] diesel business while [petitioner was] not, in fact, registered" (Tax Law § 283 [4] [iv]).

3. "[H & K], the owner of 100% of the stock of [petitioner], was also the owner of 100% of the stock of [PPI] at the time that the registration of [PPI] was cancelled by the Department of Taxation and Finance within the last five years."

4. "Alicia Metz and Lauren H. Simons, President and Secretary-Treasurer of [petitioner] respectively, are each officers and shareholders of 16²/₃% of the stock of [H & K], a corporation which is the owner of 100% of the stock of [petitioner] which operated as a distributor of diesel motor fuel in New York State without being registered to do so."

5. "Alicia Metz and Lauren H. Simons, President and Secretary-Treasurer of [petitioner] respectively, are each officers of and shareholders of 16²/₃ % of the stock of [H & K], a corporation which is the owner of 100% of the stock of [PPI] at the time that the registration of [PPI] was cancelled by the Department of Taxation and Finance within the last five years."

period" (Tax Law former § 283 [6] [a]). After *Janus*, the Legislature amended Tax Law former § 283 (6) (a) to delete the quoted provision (L 1993, ch 57, § 132). As a consequence, the present statute does not contain any limitation on the ALJ's or Tribunal's ability to act after the expiration of the time limitations.

Therefore, we conclude that the time limitations are now merely directory in nature, rather than mandatory (*see, Matter of Ross v New York State Dept. of Health*, 226 AD2d 863, 866; *Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 736, *lv denied* 88 NY2d 808). Thus, unless petitioner can show substantial prejudice, the noncompliance with the time limitations will have no consequences (*see, Matter of Harris &· Assocs. v deLeon*, 84 NY2d 698, 703). Applying the *Cortlandt* factors (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 180-182, *cert denied* 476 US 1115), we find that petitioner has not shown substantial prejudice, particularly as it has not established actual prejudice. Its claim that it suffered economic damage in the form of lost revenue from the sale of diesel fuel lacks substance as it was never entitled to engage in such commerce in this State.

We turn to petitioner's contention that the Tribunal's determination is not supported by substantial evidence. Petitioner does not challenge the factual underpinnings of the Tribunal's determination; instead it argues that it is irrational since the record demonstrates that it had no intention of defrauding the State as it paid all its taxes and, at most, is only guilty of an error of judgment premised upon its belief that, since it and PPI were owned by H & K, there was no need for it to register.

In evaluating petitioner's argument, we are not at liberty to substitute our judgment for a rational determination by the Tribunal that is supported by substantial evidence merely because it is possible to reasonably reach a different conclusion (*see, Matter of Buzzard v Tax Appeals Tribunal*, 205 AD2d 852, 853-854). Consequently, inasmuch as the five reasons cited by the Tribunal for confirming the Commissioner's determination fall within the ambit of Tax Law § 283 (2) and (4) and have ample evidentiary support, we conclude that the Tribunal's determination is supported by substantial evidence and must be confirmed (*see, Matter of Transervice Lease Corp. v Tax Appeals Tribunal*, 214 AD2d 775, 777).

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.