[659 NYS2d 930]

In the Matter of COURT REPORTING INSTITUTE, INC., Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.

Third Department, July 10, 1997

2

**APPEARANCES OF COUNSEL**

*Whiteman, Osterman & Hanna,* Albany *(John J. Henry* and *Carla E. Hogan* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Lisa LeCours* and *Peter H. Schiff* of counsel), for respondents.

**OPINION OF THE COURT**

CARPINELLO, J.

Since 1987, petitioner has operated a trade school in the Town of Hicksville, Nassau County, providing instruction in court reporting and medical transcription (*see,* Education Law art 101). Proprietary business schools such as petitioner must be licensed by respondent State Education Department (*see,* Education Law § 5001 [1]; 8 NYCRR 126.10) and the duration of a license is two years (*see,* Education Law § 5001 [4] [b]). At

issue in this proceeding is petitioner's September 28, 1994 application for renewal of its license, which was scheduled to expire on January 31, 1995, and the Department's ultimate determination, rendered nearly two years later, denying it. During the time period subsequent to January 31, 1995, petitioner was permitted to continue operating under its prior license pending completion of the renewal application and a final determination by the Department.

Petitioner's primary argument on appeal can be best characterized in the following manner. With repeated references to Education Law § 5001 (4) (c), petitioner asserts that it was only required to submit financial statements, statistical reports and payment of the required fee in connection with its license renewal application. Having submitted these three items, petitioner claims that it submitted "a timely and complete license renewal application" upon which the Department was required to act by January 1, 1995. Because the Department failed to render a determination on its renewal application by this date, petitioner argues that its license to operate renewed by operation of law. We disagree.

First, in arguing that its application was "complete", petitioner ignores 8 NYCRR 126.10 (b) (3) which states that a licensee must submit an application for license renewal accompanied by "such other information as the commissioner may require". Subsequent to the Department's receipt of petitioner's application, it requested additional information from petitioner to address specific questions regarding the application itself, as well as concerns about petitioner's financial viability. The record reveals that, as the months progressed, significant issues which called petitioner's financial viability into question continued to arise. As these issues developed and the Department made additional and sometimes repeated requests for pertinent information, the Department made it very clear to petitioner that its financial viability remained the outstanding issue in evaluating its license renewal application. Thus, under these circumstances, we reject petitioner's assessment of when its application was actually "complete".

Moreover, Education Law § 5001 (4) (d) provides, as pertinent here, that "[w]hen complete and timely application has been made for renewal of any license * * * the school shall receive a written approval or denial, together with the reasons for denial of renewal, from the commissioner no less than thirty days prior to the date such license * * * expires" (see also, 8 NYCRR 126.10 [b]). With respect to statutory time limits on

the action of an administrative agency, however, there is a clear distinction between mandatory and directory time limits (*see, Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816, 817-818; *Matter of Sheppard v LeFevre*, 116 AD2d 867; *Matter of 400 Delaware Ave. Prop. Co. v State of N. Y. Div. of Hous. & Community Renewal*, 105 AD2d 1046, 1046-1047). Limits regarding the time within which an administrative agency must act "are generally construed as discretionary in the absence of express limits on the authority of the agency to act after the time period" (*Matter of Estate of Clifford v New York State Empls. Retirement Sys.*, 123 AD2d 1, 4; *see, Matter of Ross v New York State Dept. of Health*, 226 AD2d 863, 866). Significantly, "unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory" (*Matter of Grossman v Rankin*, 43 NY2d 493, 501; *see, Figueroa v Market Training Inst.*, 167 AD2d 503, 506). This remains the rule even where, as here, the seemingly mandatory word "shall" is used (*see, Figueroa v Market Training Inst., supra*).

In this case, there is no statutory or regulatory mechanism by which a proprietary business school's license renews by operation of law (*cf., Matter of Janus Petroleum v New York State Tax Appeals Tribunal*, 180 AD2d 53). Significantly, neither Education Law article 101 nor 8 NYCRR 126.10 contains any limitation on the Department's ability to act on a renewal application in the event a determination is not made within 30 days of a license expiration. Under these circumstances, we conclude that the time limits outlined in these governing provisions are merely directory (*see, e.g., Matter of Peterson Petroleum v Tax Appeals Tribunal*, 236 AD2d 752, 754; *cf., Matter of King v Carey*, 57 NY2d 505; *Matter of Janus Petroleum v New York State Tax Appeals Tribunal, supra*). Only upon a showing of substantial prejudice, wholly absent here, would the noncompliance with this discretionary time limitation have any consequence (*see, Matter of Harris & Assocs. v deLeon*, 84 NY2d 698, 702-705; *Matter of Peterson Petroleum v Tax Appeals Tribunal, supra*). In sum, the Department's failure to render a determination on the renewal application by January 1, 1995 did not result in the automatic renewal of petitioner's license.

Equally unavailing is petitioner's claim that it was entitled to a hearing in this matter. A hearing is required only in disciplining a licensed school (*see*, Education Law § 5003 [1],

[2], [3]), revoking a previously issued license (*see*, 8 NYCRR 126.14 [b] [2]; *see generally*, *Matter of Benvenuto v Suffolk County Dept. of Consumer Affairs*, 144 AD2d 455) or in the event that a probationary period to resolve financial problems is ineffectual (*see*, Education Law § 5001 [6]). Here, despite petitioner's strained arguments to the contrary, we are concerned only with a renewal application for which a hearing is simply not required (*see*, *Matter of Richard I v Ambach*, 90 AD2d 127, 130, *affd* 61 NY2d 784, *cert denied* 469 US 822; *see generally*, *Matter of Blake Bus. School v Sobol*, 176 AD2d 1139, *appeal dismissed* 80 NY2d 825).

The Department made clear to petitioner throughout the entire process that its primary concern in evaluating the renewal application was petitioner's long-term financial viability and, in particular, the status of petitioner's participation in Federal student financial aid assistance programs (*see*, 20 USC § 1070 *et seq.*). Petitioner was further informed that receipt of information relative to these specific concerns was the reason for the delayed determination. While the Department, in finally denying renewal of petitioner's license, relied upon documents and information which came into existence after petitioner submitted its application, these documents and information were appropriately requested (*see*, 8 NYCRR 126.10 [b]) and directly relevant to the precise issue before the Department. In short, in light of the information gathered and subsequently relied upon by the Department exposing petitioner's dire financial prospects, the determination denying renewal of its license was eminently rational and will not be disturbed by this Court.

Petitioner's remaining contentions have been reviewed and rejected as unpersuasive.

MIKOLL, J. P., WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, with costs. [As amended by unpublished order entered Feb. 19, 1998.]