[660 NYS2d 459]

In the Matter of Consolidated Rail Corporation, Petitioner,
v Tax Appeals Tribunal of the State of New York et
al., Respondents.

Third Department, July 17, 1997

APPEARANCES OF COUNSEL

*Loselle Greenawalt Kaplan Blair & Adler,* New York City *(James N. Blair* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrew D. Bing* and *Peter H. Schiff* of counsel), for New York State Commissioner of Taxation and Finance, respondent.

**OPINION OF THE COURT**

CARDONA, P. J.

Petitioner is the owner and operator of a railroad system which operates in New York and at least 13 other States. As part of its business, petitioner purchases substantial quantities of petroleum fuel from out-of-State suppliers, brings the fuel into New York and stores it until used in locomotives which travel both in and outside of New York. Effective September 1, 1990 *(see,* L 1990, ch 190), Tax Law article 13-A provided that a "petroleum business" is one importing fuel for "use, distribution, storage or sale in the state" (Tax Law § 300 [b] [1] [i]), and a tax was imposed on fuel sold or "used" by a petroleum business in the State (Tax Law § 301-a [c] [1]).

Thereafter, petitioner began filing monthly returns pursuant to the amended law. In the returns, petitioner reduced its taxable diesel fuel gallons by an adjustment for "allocation of fuel

used outside the State", reflecting petitioner's view that only imported fuel actually consumed by locomotives in New York would be taxable under Tax Law § 301-a (c) (1). In March 1991, respondent Commissioner of Taxation and Finance conducted an audit of petitioner for the period between September 1, 1990 and December 31, 1990. As a result of the audit, the Department of Taxation and Finance (hereinafter Department) issued a notice of deficiency in the amounts of $376,988 due in taxes, $24,679.16 in interest, and imposed a penalty of $63,064.30.

Petitioner filed a petition with the Division of Tax Appeals seeking redetermination of the amount of tax due. The Administrative Law Judge (hereinafter ALJ) sustained the Department's findings. Petitioner thereafter filed a notice of exception with respondent Tax Appeals Tribunal. The notice of exception asserted, *inter alia*, a violation of the Commerce Clause of the US Constitution. The Tribunal, *inter alia*, sustained the ALJ's determination and petitioner thereafter commenced this CPLR article 78 proceeding claiming that Tax Law § 301-a (contained in Tax Law art 13-A) facially discriminates against interstate commerce in violation of the Commerce Clause of the US Constitution.

■ Initially, we reject the Commissioner's contention that the petition should be dismissed because petitioner first raised the constitutional claim before the Tribunal. Notably, the Tribunal correctly declined to rule on the constitutional issue based on the fact that it had no jurisdiction to consider whether a statute is unconstitutional on its face (*see, Matter of Lunding v Tax Appeals Tribunal*, 218 AD2d 268, 269, *revd on other grounds* 89 NY2d 283, *cert granted* — US —, 117 S Ct 1817). Thus, it is irrelevant that petitioner did not raise this claim before the ALJ. In addition, since this CPLR article 78 proceeding is not the proper vehicle to attack the constitutionality of Tax Law § 301-a, "we will convert that portion of the instant proceeding seeking such relief into a declaratory judgment action (*see,* CPLR 103 [c]) and retain the remaining portion thereof as a proceeding commenced pursuant to CPLR article 78 since petitioner[ ] also seek[s] annulment of the [Tribunal's] determination upholding the tax assessment" (*supra,* at 270).

■ Turning to petitioner's challenge to Tax Law § 301-a, we note that this statute states in pertinent part that "there is hereby imposed upon every petroleum business * * * a monthly tax * * * equal to the sum of the motor fuel * * * determined pursuant to paragraph one of subdivision (c) of this

section" (Tax Law § 301-a [a]). Tax Law § 301-a (c) (1)[1] states that the tax "shall be determined by multiplying the motor fuel * * * rate times (1) the number of gallons of * * * motor fuel *sold* or *used* by a petroleum business in this state" (emphasis supplied).[2] Use was broadly defined, by reference to Tax Law § 1102 (*see,* Tax Law § 300 [g]), to include any exercise of dominion over the fuel, including the "withdrawal from storage" (Tax Law § 1102 [e]). As such, included in the definition of use is the situation described by respondents when petitioner withdraws the imported fuel from storage in New York and dispenses it by fueling it into locomotives. Petitioner was not taxed on any fuel that came into New York in the fuel tanks of its locomotives.

"It is well settled that a State taxing statute challenged under the Commerce Clause may be sustained if 'the tax is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State'" (*Matter of Tug Buster Bouchard Corp. v Wetzler,* 217 AD2d 192, 194-195, *affd* 89 NY2d 830, quoting *Complete Auto Tr. v Brady,* 430 US 274, 279). Petitioner in the instant case maintains that the tax at issue discriminates against interstate commerce and, in this context, "discrimination means dissimilar treatment of in-State and out-of-State economic interests, benefiting the former and burdening the latter" (*Matter of Tug Buster Bouchard Corp. v Wetzler, supra,* at 195).

Here, citing this Court's decision in *Matter of Tug Buster Bouchard Corp. v Wetzler* (217 AD2d 192, *supra*), petitioner argues that Tax Law § 301-a facially discriminates against interstate commerce in that it results in multiple taxation of those who purchase fuel in other States for consumption in New York when compared with those who purchase fuel here for use in the State. In *Matter of Tug Buster Bouchard Corp. v*

---

1. Although the ALJ and the Tribunal apparently believed that petitioner's fuel use was taxable under Tax Law § 301-a (c) (2) (nonautomotive-type diesel motor fuel), petitioner maintains that the appropriate statute is Tax Law § 301-a (c) (1) (automotive-type diesel motor fuel). The Commissioner apparently agrees with petitioner, noting only that the Tribunal's "view did not affect the statutory analysis because the taxing provisions for both types of fuel are the same".

2. The statute goes on to state: "Provided, however, that no diesel motor fuel shall be included in the measure of the tax unless it shall have previously *come to rest* * * * nor shall any diesel motor fuel be included in the measure of the tax imposed by this article more than once" (Tax Law § 301-a [c] [1] [emphasis supplied]).

*Wetzler* (*supra*), this Court reviewed a similar, though not identical, taxing scheme involving consumption of fuel and declared Tax Law § 301 (a) (1) (ii) to be unconstitutional as violative of the Commerce Clause of the US Constitution.

In our view, the subject case is distinguishable from *Tug Buster* in that the "taxable event" triggering the tax is the "withdrawal from storage" of the fuel. In the case of *Nashville, Chattanooga & St. Louis Ry. v Wallace* (288 US 249), the United States Supreme Court rejected a railroad's challenge to a Tennessee use tax on the in-State withdrawal of gasoline from storage in Tennessee that the railroad later used to power locomotives in its interstate railway operations. In doing so, the Court noted that, "[t]he gasoline, upon being unloaded and stored [in its planned destination in Tennessee], ceased to be a subject of transportation in interstate commerce and lost its immunity as such from state taxation" (*supra*, at 266). "The fact that the oil was, in the ordinary course of [the railroad's] business, later withdrawn from storage for use, some within and some without the state, part of it thus becoming again the subject of interstate transportation, did not affect the power of the state to tax it all before that transportation commenced" (*supra*, at 266; see, *Edelman v Boeing Air Transp.*, 289 US 249 [taxation of gasoline imported from outside State, stored in tanks at in-State airports, and then withdrawn from storage to fuel airplanes operating in interstate commerce did not offend Commerce Clause]).

Additionally, a nearly identical tax scheme was reviewed and upheld by the United States Supreme Court in *United Air Lines v Mahin* (410 US 623), a case citing both the *Nashville, Chattanooga & St. Louis Ry. v Wallace* (*supra*) and *Edelman v Boeing Air Transp.* (*supra*) decisions. The Illinois law at issue in *United Air Lines* fully taxed the fuel purchased outside of Illinois, imported for storage in Illinois, then removed from storage and loaded into airplanes. The tax was imposed and measured upon the loading of the fuel into airplanes. The Supreme Court found that the actual taxable event at issue was storage and not consumption and as such was constitutional (*see, supra*, at 628-629). The Court found that this distinction minimized the potential for double taxation because the fuel could not be taxed in States through which it is merely transported (*see, supra*, at 630; *see also, Michigan-Wisconsin Pipe Line Co. v Calvert*, 347 US 157), nor by the State in which it is merely consumed (*see, United Air Lines v Mahin, supra*, at 630; *see also, Helson v Kentucky*, 279 US 245). The Court also

noted that a fair result is achieved by such a tax "because a State in which preloading storage facilities are maintained is likely to provide substantial services to those facilities, including police protection and the maintenance of public access roads" (*United Air Lines v Mahin, supra,* at 630). Accordingly, we conclude that petitioner has not established that Tax Law § 301-a offends the Commerce Clause on its face in that the taxed use did not involve goods within the stream of interstate commerce.

MIKOLL, CREW III, CASEY and YESAWICH JR., JJ., concur.

Adjudged that the proceeding is partially converted to an action for declaratory judgment, without costs, it is declared that Tax Law § 301-a has not been shown to be unconstitutional, remainder of petition dismissed and determination confirmed.