■ In the Matter of BRAY TERMINALS, INC., Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [669 NYS2d 752] —Carpinello, J. Proceeding pursuant to CPLR

article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained corporation franchise tax assessments imposed under Tax Law article 9-A.

Petitioner challenges a deficiency assessment imposed by the Department of Taxation and Finance for additional corporate franchise taxes claimed to be due for tax years 1984, 1985 and 1986, which, with interest, totaled $378,255.90 as of December 1994. This assessment arose from the Department's audit determination that petitioner's net income for franchise tax purposes should be determined without deducting taxes imposed under Tax Law article 13-A (Tax on Petroleum Businesses). The Department's determination was sustained in a thorough and well-reasoned decision by the Administrative Law Judge, which in turn was affirmed by respondent Tax Appeals Tribunal. Petitioner commenced the instant proceeding seeking annulment of the Tribunal's determination.

In rejecting petitioner's contention that the Tribunal's determination is arbitrary and capricious and an abuse of discretion, we rely principally on the fact (as did the Administrative Law Judge) that the only properly asserted claim in this proceeding has already been resolved on the merits in a prior action. In *Bray Terms. v New York State Dept. of Taxation & Fin.* (Sup Ct, Nassau County, June 19, 1990, Morrison, J., *affd* 191 AD2d 668, *appeal dismissed* 82 NY2d 748, *lv denied* 82 NY2d 664, *cert denied* 511 US 1143), petitioner commenced a declaratory judgment action challenging its inability to deduct Tax Law article 13-A taxes in computing its Tax Law article 9-A franchise taxes as violative of the Commerce Clause of the Federal Constitution and the Equal Protection Clauses of the Federal and State Constitutions. Supreme Court (Morrison, J.) awarded the Department a judgment dismissing the complaint, a determination which was affirmed by the Second Department (*see, Bray Terms. v New York State Dept. of Taxation & Fin.*, 191 AD2d 668, *appeal dismissed* 82 NY2d 748, *lv denied* 82 NY2d 664, *cert denied* 511 US 1143).

Petitioner seeks to avoid the obviously preclusive effect of this prior determination by arguing that Tax Law article 13-A itself is unconstitutional and that this Court's subsequent decision in *Matter of Tug Buster Bouchard Corp. v Wetzler* (217 AD2d 192, *affd* 89 NY2d 830) should be extended to the facts of this case. With respect to the constitutionality of Tax Law article 13-A, we note that there is no such allegation in petitioner's June 1989 petition challenging the Tax Law article 9-A assessments nor is there any indication that petitioner

ever protested a written notice of tax deficiency, determination of tax due or denial of a refund or credit of a tax paid under Tax Law article 13-A (*see*, Tax Law §§ 1087, 2008; *see also*, 20 NYCRR 3000.3 [a], [b]). Thus, while the doctrine of res judicata may not bar a challenge to the constitutionality of Tax Law article 13-A, it not having been raised by any party in the declaratory judgment action (*see*, *Rudd v Cornell*, 171 NY 114), petitioner's failure to properly commence a proceeding raising such a claim does (*see*, Tax Law §§ 1087, 2008; *see also*, 20 NYCRR 3000.3 [a], [b]).

Indeed, the only issue raised by petitioner's June 1989 pleadings is whether it is entitled to deduct taxes it paid under Tax Law article 13-A in computing its Tax Law article 9-A *franchise taxes*.* There is no doubt that this issue (the deductibility of one tax in computing another) was squarely addressed on the merits in the prior action. Supreme Court noted that "under the Tax Law, no deduction is allowed for Article 13A taxes in the computation of franchise and personal income taxes" (*Bray Terms. v New York State Dept. of Taxation & Fin.*, Sup Ct, Nassau County, June 19, 1990, Morrison, J., slip opn at 1, *supra*). Significantly, "[a] duly rendered declaratory judgment is entitled to the full benefits of the res judicata and collateral estoppel doctrines" (Siegel, NY Prac § 440, at 669 [2d ed]; *see*, *Rockland Power & Light Co. v City of New York*, 289 NY 45). Since the issue of the deductibility of Tax Law article 13-A petroleum business taxes for the purpose of determining Tax Law article 9-A franchise taxes was specifically pleaded and adjudicated on the merits in the prior action, petitioner is precluded from relitigating the same claim in this proceeding (*see*, *Rudd v Cornell*, *supra*, at 128-129).

Nor do we agree with petitioner's contention that *Matter of Tug Buster Bouchard Corp. v Wetzler* (*supra*) mandates a different result. Our decision in that case was expressly limited to the unconstitutionality of Tax Law § 301 (a) (1) (ii), which applies to those who import petroleum for their own use. Petitioner imports petroleum for resale and is therefore

* The June 28, 1989 petition for redetermination of the Tax Law article 9-A deficiencies states: "By requiring a business corporation to add back to its entire net income the taxes already paid pursuant to Article 13-A of the Tax Law, for purposes of determining franchise tax liability under Article 9-A of the Tax Law, the Department is collecting a tax on a tax." Nearly identical language is contained in the October 1989 petition in the declaratory judgment action, which states: "The Article 13-A petroleum business is required to add this Article 13-A tax back into its entire net income (or adjusted gross income) for purposes of determining Article 9-A (or Article 22 and 30) tax liability."

governed by Tax Law § 301 (a) (1) (i). There being no properly pleaded constitutional issue before this Court, we decline at this time to accept petitioner's invitation to extend the rationale of *Matter of Tug Buster* to Tax Law § 301 (a) (1) (i).

Finally, we reject petitioner's contention that the Tribunal's determination is a nullity because it was not rendered within six months of oral argument. There being no statutory or regulatory limitation on the Tribunal's ability to act in the event that it does not render a determination within six months of oral argument, the six-month time limit outlined in Tax Law § 2006 (7) and 20 NYCRR 3000.17 (e) (2) is directory only (*see, Matter of Court Reporting Inst. v New York State Educ. Dept.*, 237 AD2d 1, 3-4; *Matter of Peterson Petroleum v Tax Appeals Tribunal*, 236 AD2d 752, 753-754). Only upon a showing of substantial prejudice, wholly absent on this record, would noncompliance with this discretionary limitation have any consequence (*see, Matter of Harris & Assocs. v de Leon*, 84 NY2d 698, 702-705). Equally meritless is petitioner's claim that it was prejudiced by the replacement—attributable to resignation and retirement—of two of the three Tribunal commissioners who heard oral argument in this matter as the two duly appointed replacement commissioners, although not present at oral argument, were otherwise "authorized to participate in a decision" (20 NYCRR 3000.17 [d] [3]), the decision itself reciting that it is based upon the Tribunal's review of the record.

Petitioner's remaining contentions have been reviewed and none warrants annulment of the Tribunal's determination.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, with costs, and petition dismissed.