OPINION OF THE COURT
James B. Canfield, J.
Petitioner and the intervenors (hereinafter petitioners) commenced proceedings challenging the respondent’s letters notifying them of the existence of chapter 389 of the Laws of 1997 and their opportunities for appealing the tax administratively. Petitioners claim they are entitled to refunds going back to the inception of Tax Law article 13-A in 1984 and seek a declaration that Tax Law article 13-A is and always has violated the Federal Constitution’s Commerce Clause insofar as it imposes a tax on fuel imported into New York by vessels for consumption by the importer within New York while engaged in interstate commerce. Petitioners challenge recent statutory amendments intended to bring Tax Law article 13-A into compliance with Matter of Tug Buster Bouchard Corp. v Wetzler (217 AD2d 192). Respondents urge that these proceedings are premature and should be dismissed due to petitioners’ failure to exhaust their administrative remedies prior to commencing these constitutional challenges to the statutes and claim that the statutes are constitutional as applied.
Petitioners do not deny that they have failed to exhaust their administrative remedies. It is hornbook law that those who *759 object to an agency’s administrative action must exhaust available administrative remedies before being permitted to litigate in a court of law (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Although agency action that is challenged as either unconstitutional or wholly beyond the agency’s authority is a recognized exception to the exhaustion requirement (Watergate II Apts. v Buffalo Sewer Auth., supra), the Legislature is a coequal branch of government and its enactments are not to be casually set aside by the judiciary. Indeed, statutes carry the “exceedingly strong presumption of constitutionality” and are only struck down as a last resort after challengers rebut that presumption by demonstrating that the statute, even when given the favorable benefit of every intention, is unconstitutional beyond a reasonable doubt (Matter of Malpica-Orsini, 36 NY2d 568, 570; Matter of McGee v Korman, 70 NY2d 225, 231; Rochester Gas & Elec. Corp. v Public Serv. Commn., 71 NY2d 313, 319-320). As a consequence of this liberal judicial deference to the presumed constitutionality of legislative enactments, constitutional claims that require the resolution of factual issues reviewable at the administrative level must be addressed to the agency so that the necessary factual record can be established (Matter of Schulz v State of New York, 86 NY2d 225, 232).
Petitioners claim that administrative exhaustion is unnecessary because these statutes are facially unconstitutional and because exhaustion would be futile. The “futility” argument is both superfluous and misleading. It adds nothing except pointless circularity to petitioners’ argument. Futility would only apply here if petitioners demonstrated that the statutes are facially unconstitutional and therefore there would be no point in developing the facts through the administrative process applying those unconstitutional statutes (Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136). Of course, if the statute is facially unconstitutional, it is unnecessary to claim futility because petitioners would be entitled to avoid administrative exhaustion based on facial unconstitutionality alone (Watergate II Apts. v Buffalo Sewer Auth., supra).
Thus, the critical question is whether the petitioners are exempt from the exhaustion requirement by reason of having met their burden of demonstrating that the challenged statutes are unconstitutional on their face. Petitioners’ attempt to stretch Matter of Tug Buster Bouchard Corp. v Wetzler (supra) into an all-encompassing prohibition on all efforts to tax fuel *760 that is purchased in other States and used in New York must be rejected out of hand. Notwithstanding petitioners’ wishful assertions, Matter of Tug Buster Bouchard Corp. v Wetzler did not hold that imposing a tax on fuel purchased outside of New York and consumed within New York would necessarily violate the Commerce Clause. Indeed the Court recognized that there would be no violation so long as the tax imposed did not interfere with interstate commerce by favoring the purchase of fuel in New York.
Petitioners also ask the court to hold Tax Law § 301-a facially unconstitutional based on Matter of Tug Buster Bouchard Corp. v Wetzler, however that decision was specifically limited to Tax Law § 301 (a) (1) (ii) (Matter of Tug Buster Bouchard Corp. v Wetzler, supra, at 196; Matter of Bray Terms, v New York State Tax Appeals Tribunal, 248 AD2d 832, 834). Tax Law § 301-a is a very different statute from Tax Law § 301 (a) (1) (ii) and has already been upheld as facially constitutional in Matter of Consolidated Rail Corp. v Tax Appeals Tribunal (231 AD2d 140). Petitioners’ attempt to distinguish Matter of Consolidated Rail Corp. v Tax Appeals Tribunal by pointing out differences between themselves and Consolidated Rail Corporation is an “as applied” argument and does not bring them within the narrow exception to the rule requiring administrative exhaustion (Matter of Tug Buster Bouchard Corp. v Wetzler, 89 NY2d 830; Watergate II Apts. v Buffalo Sewer Auth., supra).
Petitioners also attempt to circumvent any inquiry into whether or not both Tax Law §§ 301 and 301-a have any actual impact on interstate commerce by arguing that “Helson and Randolph v. Kentucky, 279 U.S. 245 (1929) and its progeny” prohibit all taxes on fuel used by vessels engaged in interstate commerce. That decision reveals that the Supreme Court, at one evolutionary stage in its Commerce Clause development, might have struck down the tax on fuel used by one engaged in interstate commerce in an attempt to keep States from even being in a position to interfere with commerce. The Supreme Court’s simplistic analysis circa 1929 bears little or no resemblance to its present-day Commerce Clause analysis (Complete Auto Tr. v Brady, 430 US 274; New Energy Co. v Limbach, 486 US 269; Quill Corp. v North Dakota, 504 US 298). The noteworthy absence of any surviving Helson progeny confirms it is a relic, merely of interest to constitutional historians. The court rejects petitioners’ claim that Helson renders Tax Law §§ 301-a and 301 facially unconstitutional.
Petitioners having failed to establish that Tax Law § 301-a is facially unconstitutional, their challenge to it must be *761 dismissed for their failure to exhaust their administrative remedies and present their arguments and facts for review at the administrative level (Matter of Schulz v State of New York, supra, at 232; Matter of Bray Terms, v New York State Tax Appeals Tribunal, supra).
It is fitting that the court be called upon to deal with petitioners’ challenge to Tax Law § 301 (a) (1) (ii), for it was the court’s determination that the statute was facially unconstitutional in Matter of Tug Buster Bouchard Corp. v Wetzler (supra) that prompted the Legislature to enact chapter 389 of the Laws of 1997 in an effort to eliminate the “speculative” nature of the State’s claim that the cost of the tax was being passed through to customers and thereby establish that the tax does not favor the purchase of fuel in New York. With the passage of that legislation, the respondent in that case made a limited concession of unconstitutionality “as applied to [Tug Buster Bouchard Corporation]” and acknowledging that concession the Court of Appeals affirmed the Appellate Division decision (Matter of Tug Buster Bouchard Corp. v Wetzler, 89 NY2d 830, supra).
In an effort to prune Tax Law § 301 (a) (1) (ii) back to the way it was when the court last considered the statute, petitioners argue that the State may not retroactively adjust the statute. Retroactive taxation is not prohibited (Matter of Replan Dev. v Department of Hous. Preservation & Dev., 70 NY2d 451, 455) and the type of adjustment involved here does not constitute imposition of any new or greater tax upon petitioners, does not change petitioners’ expectations during almost all of the years they seek refunds for, and does not require the time restrictions normally placed on retroactive taxes. Indeed, there is no unfairness worth mentioning because petitioners would be in essentially the same position they would have been had the court denied Tug Buster Bouchard Corp.’s facial unconstitutionality argument and required it to proceed through the administrative process and establish that Tax Law § 301 (a) (1) (ii) actually does burden interstate commerce.
Petitioners posit that in the event they are called on to exhaust their administrative remedies, they will have a difficult time presenting evidence. That rationalization is rejected as an absurd effort to avoid petitioners’ burden of establishing unconstitutionality beyond a reasonable doubt by presenting evidence to support their, as yet, unproved assertion that the statutes actually have a discriminatory effect on interstate commerce. Given the heavy burden that petitioners bear in *762 establishing that the statute is unconstitutional, their task will necessarily be great. To the extent that the challenged taxes clearly did not deter petitioners from purchasing large quantities of fuel out of State for use within the State, persuasively explaining the discrepancy between their actions and their hypothetical argument will be a still greater feat, but nevertheless an appropriate part of their burden.
The petitioners’ due process arguments are also rejected, because Matter of Tug Buster Bouchard Corp. v Wetzler (89 NY2d 830, supra) did not bestow any property interest or expectation on petitioners (Matter of Bray Terms, v New York State Tax Appeals Tribunal, 248 AD2d 832, supra) and consequently nothing was taken away from them by the new legislation. In seeking to impose the constitutional proscription of article III, § 16 of the State Constitution based on a literal application, petitioners ignore that that section only applies in cases “ ‘fairly within its general purpose or policy, or the evils which it was intended to correct’ ” (Matter of Medical Socy. v State of N. Y. Dept. of Health, 83 NY2d 447, 453). The court finds that petitioners have failed to establish that the incorporation of any Tax Law sections by reference has resulted in the creation of substantive obligations or requirements or that there is any reason to believe that the Legislature was unaware of what it was doing. Accordingly, the constitutional proscription does not apply.
Notwithstanding the petitioners’ tortuous arguments regarding the possibility that, even with the latest legislative enactments, the challenged tax was not passed through to in-State fuel purchasers, the court finds that the recent statutes when given the favorable benefit of every intention (Matter of Malpica-Orsini, 36 NY2d 568, 570, supra; Matter of McGee v Korman, 70 NY2d 225, 231, supra; Rochester Gas & Elec. Corp. v Public Serv. Commn., 71 NY2d 313, 319-320, supra) dispel the court’s original concern and eliminate the former facial unconstitutionality of Tax Law § 301 (a) (1) (ii). Petitioners may not challenge the statute’s constitutionality as applied in court, unless they have first exhausted their administrative remedies (Matter of Schulz v State of New York, 86 NY2d, supra, at 232; Matter of Bray Terms, v New York State Tax Appeals Tribunal, supra), raising all of their arguments and presenting any evidence that establishes that in fact Tax Law § 301 (a) (1) (ii)’s costs are not passed through to consumers or that the statute otherwise contravenes the Commerce Clause by favoring the purchase of fuel in New York, as well as the *763 actual extent of the alleged preferential effect so as to determine what if any tax refund is warranted.
Accordingly, both the petitioner and the intervenors’ challenges to the legislative amendments and Tax Law article 13-A are dismissed with $100 costs for failure to exhaust administrative remedies.